C. A. BROWN, JR., SAM E. CROSBY, JOHN P. BRIDGES, F. W. SWITZER and C. W. CARLISEE v. STATE.

175 So. 515.

Opinion Filed July 1, 1937.

En Banc.

*Pat Whitaker, Charles F. Blake, Tom Whitaker, D. B. Whitaker, Jr., Luther Johnson, E. A. Bosarge, L. E. Womack* and *C. A. Boyer,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell* and *John L. Graham,* Assistant Attorneys General, and *J. Rex Farrior,* State Attorney, for the State.

PER CURIAM.—The plaintiffs in error were tried in Polk County on a change of venue from Hillsborough County on an information filed in the Criminal Court of Hillsborough County charging the defendants therein named with conspiracy to violate, and with the violation of, Section 7159 C. G. L., 5057 R. G. S., relating to the false imprisonment for kidnaping of one Eugene F. Poulnot. The first two counts charged conspiracy to kidnap. The last two counts charged the substantive offense of kidnaping. The five plaintiffs in error were found guilty and sentenced under the fourth count charging the substantive offense after a severance had been granted as to some of the originally named defendants.

The trial was perhaps the longest ever held in the State of Florida, five and one-half weeks being consumed in the taking of testimony for the prosecution alone. It is safe to say that fully two-thirds of the record thus made consists of evidence bearing on, and only admissible under, the conspiracy charges, and that had the trial been confined to the issue made by the fourth count (which is the only count upon which the plaintiffs in error were convicted) that the taking of all germane evidence could adequately have been wound up in a week. In this connection it is well to observe in the premises that for some unexplained reason not apparent of record, the distinguished counsel for both sides seem to have lost sight of the fact that the defendants were individuals being tried for a serious felony, and not the two contending political factions of the City of Tampa whose

supposed crimes and alleged acts of corruption seem to have obscured all intelligent analysis and weighing of the only evidence that bore on the particular defendants' guilt or innocence under the fourth count of the information under which the defendants were finally found guilty. Even the Justices of this Court have found it difficult, trained in mind as they are in the reading, ascertainment and appraisement of disputed facts in a case brought here on appeal, to separate in their judicial minds the evidence applicable to the guilt or innocence of the defendants under the fourth count charging the kidnaping itself as a substantive felony, from that tendered and introduced bearing on the conspiracy charge which the court below, by directing a verdict for defendants on that charge, in contemplation of law found had never been substantiated by legal proof sufficient to go to a jury, to be considered at all for any purpose.

In this case the State charged a conspiracy to kidnap as well as the substantive offense of kidnaping. So the State by its own choice of a method of procedure under an information so framed, elected to separate and deal with its conspiracy allegations and its substantive offense allegations in such manner that the defendants could be convicted under either or both of them, in so far as the information was concerned.

The State, therefore, by electing to put the defendants on trial, and hence in jeopardy, on the conspiracy charge as a separate offense culminating in the accomplishment of the substantive offense charged, deliberately chose a course of procedure which, in this case, altered the normal application of the usual rule that upon the trial of an indictment for a substantive offense, evidence is admissible to prove a conspiracy to commit the substantive crime charged in the indictment (although no conspiracy is charged in such indictment) on the theory that the principal crime charged

may itself be established by first proving the formation and execution of a pre-existing conspiracy out of which its accomplishment was realized in the completion of the substantive offense. See 5 R. C. L. par. 36, page 1087. This is so because the action of the trial judge in acquitting the defendants as a matter of law when he directed a verdict of not guilty on the conspiracy charges before the case was allowed to be submitted to the jury on the fourth count charging the substantive offense, entitled the defendants on trial to the benefit of such acquittal of the conspiracy counts by the definite affirmative and positive elimination from the consideration of the jury as to the fourth count, of all the conglomerate mass of evidence that the State had been allowed to put in on the hypothesis of proving the supposed conspiracy. The record shows that no such elimination was made, although appropriate objection had been interposed to the conspiracy evidence when offered and a motion had likewise been interposed to strike it out before the case went to the jury.

Under the law when a conspiracy is established, everything said, written or done by either of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done or written by every one of them, and may be proved against each. 5 R. C. L. par. 39, page 1089. This rule was relied on by the prosecution in this case to adduce conversations and declarations damaging to the defendants that would have been wholly inadmissible except on the theory that a conspiracy had been *prima facie* established sufficient to entitle such conversations and declarations to be admitted in evidence.

But when the trial Judge rules in directing a verdict that there was no conspiracy, and never had been one proved, under the conspiracy counts of the information, the effect was to render incompetent all of the evidence that the State

had adduced under the conspiracy counts, and to entitle the defendants on trial to have such evidence expunged from the record not only in general, but in particular and specific rulings on each and every separate objection that had gone into the record at the time the evidence was tendered and objected to as inadmissible, either as hearsay or as immaterial to the substantive charge of kidnaping contra-distinguished from the charge of conspiracy to kidnap. It would hardly be contended that had the defendants been earlier tried and acquitted on a separate trial of the conspiracy counts that after the acquittal the conspiracy evidence could still be adduced on a trial for the substantive offense on the theory that the substantive offense was preceded by an accomplished conspiracy, yet the action of the court in directing a verdict of acquittal on the conspiracy counts at this trial had no different legal effect and must be weighed and considered in the same way as if the acquittal had been had at an earlier separate trial and the evidence of conspiracy objected to and admitted on a subsequent trial for the substantive offense.

In the present case the failure of the trial judge to exclude from the jury's consideration a great mass of damaging evidence that, if admissible at all, was only admissible after a conspiracy on the part of these particular defendants had been established in the evidence at the trial, had the tendency to unduly prejudice the rights of the accused by allowing the jury to consider and base its verdict of guilty in whole or in part on proof of a supposed conspiracy, affirmatively charged and relied on by the prosecution, which the trial judge earlier had ruled as a matter of law, had never been established at all, when he directed a verdict of acquittal as to such conspiracy charges. This was error for which a new trial must be granted in order that the defendants, convicted as they have been, on only one of several charges in-

volving accusations of police brutality of a most revolting character and amounting to a reflection on our civilization as a people, may have the single charge on which one jury has found them guilty retried before another jury from which will be excluded all evidence of the particular alleged conspiracy on which these defendants have obtained their acquittal by the directed verdict of the trial Court.

We sustain the legal sufficiency of the fourth count of the information to charge a crime, but refrain from the discussion of the other assignments of error inasmuch as many of the happenings and rulings to which they relate may not occur again on a second trial.

Reversed on the 38th and 39th assignments of error and a new trial awarded at the cost of Hillsborough County.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

Mr. Justice DAVIS concurred in the foregoing opinion.