SHANNON, Judge.
The appellant, Charlie A. Smith, was convicted in the criminal court of record for Polk County of various offenses under chapter 849, Florida Statutes, F.S.A., commonly-known as the lottery statute. After his conviction he was sentenced to two years in the state prison. He appealed, as did Jimmy Fraterrigo and Armando Vega, other defendants convicted at the same time. The appeals were consolidated for the purpose of oral argument.
The information was in nine separate counts — the seventh count did not apply to this defendant — and included one count charging conspiracy to commit a felony other than a capital offense; namely, to set up, promote and conduct a lottery for money. Appellant was found not guilty of this count but was convicted of a misdemeanor count of the conspiracy, which conviction is not before this court. i He was also found guilty of several other counts in the information charging him with a substantive offense under the lottery statute.
Smith, as well as the other defendants, has assigned three points upon which he urges us to reverse the respective judgments; namely, (1) where the jury found Smith and the others not guilty of the conspiracy, was it not error to enter judgment of guilty of the identical substantive acts on which the jury found all of them guilty, (2) did the trial court err in refusing to give instructions throughout the trial on the effect of the evidence as to acts, conversations and statements occurring outside the presence of appellant who was found not guilty of the conspiracy charge, and (3) did 'the court err in failing to exclude evidence as to conversations and'transactions under the conspiracy charge that occurred at a time when the particular defendant was not involved in such conspiracy?
The original information was against some thirty-four defendants, all of whom pleaded guilty with the exception of approximately eight. Three were acquitted on all counts. These two appeals are con-ce'rned only with the defendant in this case and two defendants in the case that was argued jointly with this one. The record consists of some five volumes of testimony, including testimony of some of those who ■pleaded guilty, as well as various officers *365 and officials of telephone companies. The gist of the appellant’s first question is to the effect that Smith was found not guilty of the conspiracy charge, and hence he maintains that it was error to enter judgment and sentence as to the very acts upon which he claims to have been found not guilty, although these acts were the substantive offenses under chapter 849. In other words, can he be not guilty of the conspiracy charge and at the same time be guilty of the substantive crimes ?
It is to be first noted that conspiracy is not an element of the substantive crime of violation of the lottery laws. Conspiracy to violate the lottery laws and a substantive crime thereunder are separate and distinct crimes, and this has been long recognized by the State of Florida. In Blackburn v. State, Fla.1955, 83 So.2d 694, 695, certiorari denied 350 U.S. 987, 76 S.Ct. 473, 100 L.Ed. 854, our Supreme Court stated the rule to be:
“The law is uniform and well established that ‘punishment for a conspiracy to commit crime and for the overt act which is the object of the conspiracy does not constitute double punishment,’ or double jeopardy, even where the substantive offense is the overt act involved in the conspiracy charge. 15 Am.Jur., Criminal Law, section 385, p. 60, 1954 Supp., p. 13; 22 C.J.S. Criminal Law § 288, p. 432; Annotation 92 L.Ed. 198; United States v. Wexler, 2 Cir., 79 F.2d 526; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. The rule rests on the principle that the commission of a substantive crime and a conspiracy to commit the substantive crime are separate and distinct offenses. Brown v. State, 130 Fla. 479, 178 So. 153.”
The record shows that the jury had for its consideration the conspiracy count together with the other counts charging the substantive offenses, and it was clearly within the jury’s province to convict on any or all of the counts. It chose to find him guilty on several of the counts charging him with the substantive offenses. The conspiracy count not being an element of the substantive offenses, the evidence as to that aspect of the conspiracy necessarily was directed to that count. The evidence directed to the other counts, although in some instances depending on evidence directed to the conspiracy count, would be evidence that necessarily supported conviction of the substantive offenses.
The appellant has bottomed his case on two opinions of our Supreme Court — Brown v. State, 128 Fla. 762, 175 So. 515, opinion clarified in 130 Fla. 479, 178 So. 153. In that case the appellant was informed against for conspiracy to commit the crime of kid-naping. During the course of the trial evidence was presented by the state to prove the conspiracy as the actual crime of kid-naping. At the conclusion of the state’s case the trial court directed a verdict on the conspiracy charge and allowed the substantive crime of kidnaping to go to the jury. However, in submitting the case to the jury he failed to instruct the jury that it was not to consider the evidence pertaining to conspiracy which he had already, as a matter of law, held to be insufficient. In the present case the jury considered the conspiracy count as well as the other counts charging the substantive offenses, and it would be a question at the time of submission of the case to the jury whether the court had given instructions along the line just indicated. In the Brown case, supra, the court stated (175 So. at page 517) :
“But when the trial judge rules in directing a verdict that there was'no conspiracy, and never had been one proved, under the conspiracy counts of the information, the effect was to render incompetent all of the evidence that the State had adduced under the conspiracy counts, and to entitle the defendants on trial to have such evidence expunged from the record not only in *366 general, but in particular and specific rulings on each and every separate objection that had gone into the record at the time the evidence was tendered and objected to as inadmissible, either as hearsay or as immaterial to the substantive charge of kidnaping contra-distinguished from the charge of conspiracy to kidnap. It would hardly be contended that had the defendants been earlier tried and acquitted on a separate trial of the conspiracy counts that after the acquittal the conspiracy evidence could still be adduced on a trial for the substantive offense on the theory that the substantive offense was preceded by an accomplished conspiracy, yet the action of the court in directing a verdict of acquittal on the conspiracy counts at this trial had no different legal effect and must be weighed and considered in the same way as if the acquittal had been had at an earlier separate trial and the evidence of conspiracy objected to and admitted on a subsequent trial for the substantive offense.
“In the present case the failure of the trial judge to exclude from the jury’s consideration a great mass of damaging evidence that, if admissible at all, was only admissible after a conspiracy on the part of these particular defendants had been established in the evidence at the trial, had the tendency to unduly prejudice the rights of the accused by allowing the jury to consider and base its verdict of guilty in whole or in part on proof of a supposed conspiracy, affirmatively charged and relied on by the prosecution, which the trial judge earlier had ruled as a matter of law had never been established at all, when he directed a verdict of acquittal as to such conspiracy charges. * * * ”
If the trial court in the present case had directed a verdict for the defendant on the conspiracy count, then, as held in the Brown case, the evidence placed in the record by the state concerning the conspiracy count should have been stricken from the record. But this is not the case here.
In view of the fact that the Brown case does not support the appellant’s contention, and Blackburn v. State, supra, holds that conspiracy to commit and a substantive act are separate crimes, the appellant’s first question is not well taken.
As to point 2, relating to instructions the trial court should have given on the effect of evidence and testimony relating to the conspiracy count, we agree with the state that since the jury found the defendant not guilty of the conspiracy count, defendant’s position in this court is untenable. It is true that during the course of the trial the defendant’s attorney asked the trial court to make certain charges to the jury, but all these related to testimony which went to the conspiracy count. The defendant and the State both cite Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 298, 1 L.Ed.2d 278. The defendant, in his brief, quoted from the Delli Paoli case:
“ ‘ * * * These declarations (i. e., those admissible only as to the declar-ant) must be carefully and clearly limited by the court at the time of their admission and the jury instructed as to such declarations and the limitations put upon them. Even then, in most instances of a conspiracy trial of several persons together, the application of the rule places a heavy burden upon the jurors to keep in mind the admission of certain declarations and to whom they have been restricted and in some instances for specific purpose. * * *.’ ”
However, in reading the entire opinion in that case we gather that the rule laid down applies only to declarations which either were not made in furtherance of the conspiracy or were made after the conspiracy *367 had ended. This does not militate against the rule which we have just stated, and in view of this situation we find this point without merit.
Under point three, the defendant seeks reversal in that, as stated by appellant, the trial court failed to “exclude all evidence as to acts, conversations and transactions of others which took place outside of his presence” at a date subsequent to February 7, 1958.
We agree with the state that defendant’s position on the above point is untenable for the very reason which we have already stated — the jury failed to convict on the conspiracy count. Any evidence that was adduced clearly related to the conspiracy count, and the jury, having found the defendant not guilty on that count, such error by the trial court, if any, could not be taken advantage of by the defendant who was convicted of the substantive offenses. In Frenette v. State, 158 Fla. 675, 29 So.2d 869, our Supreme Court held:
“The record discloses error that would have been reversible had the verdict been guilty of rape. This was evidence admitted concerning the technical analysis of a smear taken from the vagina of the alleged victim. The smear analyzed was not sufficiently identified for the report of the analysis to be admissible in evidence and neither was the purported report sufficiently identified to become admissible. This, however, became an immaterial and harmless error because that evidence, had it been such as could have legally been admitted, only went to the matter of establishing penetration. The element of penetration was no longer a factor in the case when the jury by its verdict in effect acquitted appellant of rape by finding him guilty of assault with intent to commit rape, and, therefore, the error became harmless because the verdict of the jury determined that there was not sufficient evidence to establish penetration. See Bowden v. State, 152 Fla. 715, 12 So.2d 887.”
The trial court in its instructions gave all proper ones to indicate to the jury the difference between the conspiracy count and the substantive offenses, and this court holds that there was no reversible error shown by the appellant’s third question.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.