257 So.2d 889 (1971)
John Lawrence HONCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 41197.
Supreme Court of Florida.
December 15, 1971.
Rehearing Denied March 3, 1972.
*890 Max P. Engel of Engel & Halpern, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove and Andrew I. Friedrich, Asst. Attys. Gen., for appellee.
DEKLE, Justice.
This cause is before us on direct appeal from the Criminal Court of Record of Palm Beach County, Florida. Appellant was charged and convicted of conspiracy, extortion and impersonating a police officer. Our jurisdiction was established when the trial judge specifically ruled that the extortion statute in question, Fla. Stat. § 836.05, F.S.A., was constitutional. Fla. Const. art. V, § 4(2), F.S.A.
Appellant challenged the statute on the ground that it violates the provisions of Fla. Const. art. III, § 6 (1968), which requires that: "Every law shall embrace but one subject and matter properly connected therewith... ." Upon consideration we find that the statute does not contain more than one subject and meets the constitutional test. Any defect in its original enactment in 1868 was removed by subsequent reenactments of this statute, by virtue of the long line of Florida cases holding that infirmities or defects in the title of a reenacted statute are cured by the reenactment. Rodriguez v. Jones, 64 So.2d 278 (Fla. 1953); Owen v. Cheney, 238 So.2d 650 (2nd DCA Fla. 1970); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958).
We now turn to the only other point raised by appellant which has any real merit. Appellant contends that all of the evidence admitted against him was admitted under the "co-conspirator exception to the hearsay rule." As such, he maintains, (1) the requirements for the admission of such evidence under that rule were not met, and (2) that, in fact, no conspiracy was proved as charged in the information.
Every act and declaration of each member of a conspiracy is the act and declaration of them all, and is therefore original evidence against each of them. Mercer v. State, 40 Fla. 216, 24 So. 154 (1898); Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Farnell v. State, 214 So.2d 753 (2nd DCA Fla. 1968). However, before the "co-conspirator rule" may be invoked there must first be independent evidence of the existence of a conspiracy, and of the objecting party's participation in it.[1] In other words, proof of a conspiracy is necessary for the purpose of establishing the criminal liability of the conspirators for the unlawful acts of their co-conspirators in furtherance of the common cause. See Duke v. State, 134 Fla. 456, 185 So. 422 (1938); Rogers v. United States, 334 F.2d 83 (5th Cir.1964), cert. denied, Levine v. United States, 380 U.S. 915, 85 S.Ct. 892, 13 L.Ed.2d 800; 6 Fla.Jur. Conspiracy §§ 17 and 18. See also Brown v. State, 128 Fla. 762, 175 So. 515 (1937), where this Court restated:
"... the usual rule that upon the trial of an indictment for a substantive offense, evidence is admissible to prove a conspiracy to commit the substantive crime charged in the indictment (although no conspiracy is charged in such indictment) on the theory that the principal crime charged may itself be established by first proving the formation and execution of a pre-existing conspiracy out of which its accomplishment was realized in the completion of the substantive offense."
*891 Turning to the case at bar we find that the evidence tending to show that appellant was a co-conspirator was insufficient as a matter of law to invoke the "co-conspirator rule," or to convict the appellant as charged in the information. We have thoroughly examined the volumes of testimony, the complete record and the allegations in the state's brief, but we are unable to find sufficient evidence to support the state's position. While we are convinced that the state proved an extortion was committed by someone, the only evidence in this case tending to show appellant's participation in the conspiracy to commit extortion is the following:
1. Greever (the other alleged co-conspirator) had somebody as an accomplice.
2. Appellant drove Greever in his car to the place where Greever met the victim, and later drove to another building nearby for Greever.
3. Appellant was twice seen in the hotel where Greever originally approached the victim and where Greever at first had planned the final payoff.
4. Appellant showed an interest in getting revenge on the arresting officer.
This evidence at most establishes appellant's physical presence in the general area during Greever's attempt to commit the crime. This is insufficient as a matter of law to establish the conspiracy necessary for appellant's conviction herein.
The trial court erred in denying appellant's motion for acquittal. Accordingly, the conviction below should be and the same is hereby reversed.
It is so ordered.
ERVIN, CARLTON and McCAIN, JJ., concur.
ROBERTS, C.J., and ADKINS and BOYD, JJ., dissent.
NOTES
[1] While the existence of a conspiracy and the connection of the defendant therewith normally must precede the introduction of evidence of acts and declarations of the other parties thereto, the trial judge in his discretion may permit the order of proofs to be reversed, admitting evidence of the acts and declarations of the co-conspirators before proof is given of the conspiracy itself. However, this is conditional on the prosecutor subsequently furnishing adequate proof of the conspiracy itself. See Hall v. State, 31 Fla. 176, 12 So. 449 (1893); Kight v. American Eagle Fire Ins. Co., 125 Fla. 608, 170 So. 664 (1936).