REED, Chief Judge.
The appellant, William Hudson, was charged by an information filed in the Criminal Court of Record for Orange County, Florida, on 29 April 1970 with conspiracy to bribe the Mayor, Leonard Hurst, and a city councilman, James Meeks, of Apopka, Florida, to influence *90 their votes in connection with the purchase of a sewage disposal plant for the City. The conspiracy allegedly continued from 8 September 1969 through 12 December 1969. Others included in the same information as alleged co-conspirators were David M. Duncan, Robert C. Parker and Bill L. Bryant. Hudson and Parker were jointly tried. At the close of the State’s case, Hudson moved for a judgment of acquittal. The motion was denied and the trial concluded on 10 July 1970 with a jury verdict finding Hudson guilty of conspiracy to commit bribery. Following a motion for new trial the present appeal was taken.
The only issue on appeal which has merit is whether the evidence was sufficient to withstand the appellant’s motion for a judgment of acquittal made at the close of the State’s case.
It is important to note that the substantive offense of bribery as proscribed by Section 838.01, F.S.1969, F.S.A., was not the charge. The charge was conspiracy. Bribery was the substantive offense which was the subject of the conspiracy. The pertinent statute is Section 833.04, F.S.1969, F.S.A. It reads in part as follows:
“If two or more persons shall agree, conspire, combine or confederate to commit any other felony they shall be guilty of a felony . . .”
In State v. Trafficante, Fla.App.1961, 136 So.2d 264, 268, the court noted that the gravamen of a conspiracy under that statute is a criminal intent. In construing a similar federal statute, 18 U.S.C.A. § 371, the Court of Appeal for the Fifth Circuit in Roberts v. United States, 5 Cir. 1969, 416 F.2d 1216, 1220, stated:
“It is elementary that neither association with conspirators nor knowledge of illegal activity constitute proof of participation in a conspiracy . . . The elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement . . .”
(Emphasis supplied).
For a similar gloss, see United States v. Falcone, 1940, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128.
Under an exception to the hearsay rule, extra-judicial declarations of one conspirator made outside the presence of a coconspirator may be admitted in evidence against the latter where the declarations were made in furtherance of and during the existence of the conspiracy. Before such evidence may be admitted, however, the existence of the conspiracy and the defendant’s participation therein must be established on a prima facie basis by other evidence which is admissible without reference to the aforementioned exception. See Farnell v. State, Fla.App.1968, 214 So.2d 753, 756-758. A determination as to whether or not a prima facie case has been established as a predicate for the admission of co-conspiratorial declarations is a question for the trial judge to determine — not the jury. Carbo v. United States, 9 Cir. 1963, 314 F.2d 718, 737, cert. denied, 1964, 377 U. S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498. Orderly procedure normally requires that such predicate be established before and not after the co-conspiratorial declarations are introduced. But see Honchell v. State, Fla.1971, 257 So.2d 889 which suggests that the order of proof may be reversed.
The transcript of the testimony in this case aggregates over 2000 pages. We have reviewed all testimony called to our attention by both sides. But the volume of testimony defies a meaningful summary within the confines of this opinion. From our scan of the record, we find no evidence, hearsay or otherwise, which we can classify as competent substantial evidence from which the jury could reasonably find that Hudson agreed to join in an effort to bribe the mayor or city councilman, James Meeks. It is true that there is evidence of a few wild statements by Duncan outside the presence of Hudson *91 indicating that Hudson would or might be the conduit through which the mayor would receive a kickback if the city bought a certain sewage treatment plant. But this simply is not as a matter of logic or law evidence that Hudson intended to be a party to the bribe. If it were, any number of perfectly innocent people could be convicted on hearsay testimony as to comments by persons over whom they have no control. These extra-judicial declarations of Duncan never became competent evidence as against Hudson under the co-conspirator exception to the hearsay rule because the existence of a conspiracy and Hudson’s participation in it were never proven by other evidence admissible without reference to the exception.
Additionally, there was evidence of a meeting between the appellant, Mayor Hurst, Duncan and one Bill Bryant, an engineer, in which Bryant said to the mayor in appellant’s presence:
“For my money they’re the type of people that will do the job, Bill and Parker (meaning appellant and co-defendant, Robert Parker) are in the right avenues for a lot of things that we all work together on.
* * * * * *
“. . . Bill will give you some things and you will give him some things, and between the two of you kind of work this thing in the right direction.”
This comment was probably the closest the State came to incriminating the appellant. However, in our opinion it is simply too vague to constitute competent substantial evidence of an intention on appellant’s part to join with others in an effort to bribe the mayor. For all that appears in the record, Bryant’s reference could logically have been to information — not graft.
For the foregoing reason, we hold that the evidence is legally insufficient to sustain the conviction and that the trial court committed error when it failed to direct a judgment of acquittal at the close of the State’s case. Consequently the judgment appealed from is reversed, the sentence vacated, and the appellant is discharged.
Reversed.
OWEN, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.