289 So.2d 720 (1973)
Jesse DAMON, Petitioner,
v.
STATE of Florida, Respondent.
No. 43520.
Supreme Court of Florida.
November 28, 1973.
Rehearing Denied March 8, 1974.
*721 Robert C. Dean of Carswell, McKenzie, Dean & Owen, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, First District (Damon v. State, 273 So.2d 83 (Fla.App.1st, 1973)), which allegedly conflicts with a prior decision of the District Court of Appeal, Fourth District (Johnson v. State, 249 So.2d 452 (Fla.App.4th, 1971)), on the same point of law. Fla. Const. art. V, § 3(b)(3), F.S.A.
Petitioner, hereinafter referred to as "defendant," was indicted for first degree murder in a killing arising from an armed robbery of a grocery store. Although there were several co-defendants, the defendant was tried separately. At a trial by jury, the defendant was found guilty and the District Court of Appeal affirmed.
At trial, the State presented a witness who testified about a conversation he had with a co-defendant in a car in which the defendant and another co-defendant were present. The witness testified that the day before the robbery-murder occurred, he had driven the defendant and two other co-defendants by the scene of the crime and was asked questions concerning the grocery store by one of the co-defendants. The defendant took no part in the conversation concerning the grocery store. At trial, defense counsel objected to the conversation between the co-defendant and the State witness on the grounds that it was hearsay. The trial court overruled such objection stating:
"The Court is of the view that much of the testimony here would not be admissible, ... but the Court is further of the view that the statements that were made by persons with whom the defendant  the testimony would state the defendant was with, are admissible, not as exceptions to the hearsay rule, but as circumstances themselves, not of the

*722 truth of the matter, but of the fact that they were said and in the presence of the defendant, as evidencing what may have been planned and what may have been the ultimate result... .
"[T]he statements made in the presence of Damon by Mitchell or by Fussell in connection with what their plans or purposes might have been, are properly considered... ." (Tr. 368-369)
The question now raised by the defendant is whether an otherwise inadmissible hearsay declaration is made admissible merely because it is stated in the presence of the party against whom it is sought to be admitted. The defendant contends that the trial court, in admitting the testimony concerning the conversation between the State witness and the co-defendant, was ruling that a hearsay declaration is made admissible when stated in the presence of the defendant. The trial court did not make such an erroneous ruling.
In Johnson (cited for conflict), an officer testified as to an identification statement made by an unknown "second party" that defendant was "one of the culprits." In holding this to be inadmissible hearsay, the Court said:
"Any concept that an otherwise inadmissible hearsay declaration is made admissible merely because it is stated in the presence of a party is erroneous. The fact that the party was present when the declaration was made does not create an exception to the rule against hearsay. The only significance to be attributed to the fact that a party was present at the time a statement was made by one other than the witness testifying is that under certain limited circumstances the party's failure to promptly deny such statement will give rise to the inference that the party's silence is an admission of the truth of such statement. See Gard, Florida Evidence, Rule 204, and Evidence in Florida, The Florida Bar Continuing Legal Education, 1971, §§ 5.2 and 7.5... ." (249 So.2d 452, 455)
The defendant is incorrect in assuming that the proposition set forth in the Johnson case is applicable in excluding the testimony of the State witness as to his conversation with the co-defendant in the case sub judice. The defendant submits that since he was not charged with conspiracy, the exception concerning statements of co-conspirators is not applicable. In so thinking, he is wrong.
It is the law of this State that every act and declaration of each member of a conspiracy is the act and declaration of them all and is therefore original evidence against each of them. Mercer v. State, 40 Fla. 216, 24 So. 154 (1898); Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Farnell v. State, 214 So.2d 753 (Fla.App.2d, 1968); Honchell v. State, 257 So.2d 889 (Fla. 1972). However, certain requirements must be met before such acts or declarations become admissible. As was stated in Honchell v. State:
"[B]efore the `co-conspirator rule' may be invoked there must first be independent evidence of the existence of a conspiracy, and of the objecting party's participation in it. In other words, proof of a conspiracy is necessary for the purpose of establishing the criminal liability of the conspirators for the unlawful acts of their co-conspirators in furtherance of the common cause. See Duke v. State, 134 Fla. 456, 185 So. 422 (1938); Rogers v. United States, 334 F.2d 83 (5th Cir.1964), cert. denied, Levine v. United States, 380 U.S. 915, 85 S.Ct. 892, 13 L.Ed.2d 800; 6 Fla.Jur. Conspiracy §§ 17 and 18." 257 So.2d 889, 890.
In the case sub judice we find there was sufficient "independent evidence of the existence of a conspiracy." For example, the defendant had been in the constant company of the two co-defendants for several days immediately prior to the crime and had been with them when two other possible robberies were discussed; the defendant had gone to a hardware store and bought several tools to be used in furtherance of one of the possible robberies discussed; several handguns were seen in the possession of the defendant in a motel room he occupied with the two *723 co-defendants; the defendant had stated during a conversation pertaining to a possible robbery that he needed money to pay his attorney in connection with a robbery charge he had pending; and the fingerprints of the defendant and the two co-defendants were found in several non-public areas of the grocery store in question. Therefore, the requirement of independent evidence as set forth in Honchell v. State, supra, having been met, the trial court was able to proceed with the admission of any co-conspirator statements.
With this in mind, we focus on the crux of the factual situation in the case sub judice. There is no prerequisite that a conspiracy be charged before declarations of a co-conspirator are admissible under the so-called "co-conspirator rule."
We held in Brown v. State, 128 Fla. 762, 175 So. 515 (1937), that:
"[T]he usual rule that upon the trial of an indictment for a substantive offense, evidence is admissible to prove a conspiracy to commit the substantive crime charged in the indictment (although no conspiracy is charged in such indictment) on the theory that the principal crime charged may itself be established by first proving the formation and execution of a pre-existing conspiracy out of which its accomplishment was realized in the completion of the substantive offense." (Emphasis supplied.) (p. 516)
In summary, we find that the statements made by the co-defendant were co-conspirator declarations and were properly admitted by the trial judge, regardless of the fact that the defendant was not charged with a conspiracy. There is no conflict.
The writ of certiorari is discharged.
CARLTON, C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.