MANN, Chief Judge.
Little was charged and found guilty on two counts of assault with intent to murder two police officers and one count of conspiracy to commit the offense. A new trial was granted as to the conspiracy charge. The question before us is whether Little’s conviction of assault with intent to commit murder is tainted by inadmissible evidence of conspiracy which did not link him to the planning of the crime.
The young men involved in this unfortunate incident called the police to their housing project to quell a fictitious disturbance. When they arrived, they were shot. *776 There is evidence that Little was present at the scene and some evidence from which the jury might infer a sense of guilt after the occasion. For example, Little picked up his own rifle and carried it to the home of a cousin in another city. There is conflicting testimony about his possession of a gun at the scene but no evidence that the weapon which fired the shots which injured the police officers was Little’s.
In short, there is ample evidence of Little’s guilt as an aider and abetter and if the conspiracy count had not been added, we would be obliged to affirm. The trial judge correctly granted a new trial on the conspiracy count because there is no evidence whatever directly connecting Little to the planning of the ambush and the circumstantial evidence of his involvement is weaker than that in Honchell v. State, Fla.1971, 257 So.2d 889. The state misreads certain language in Bass v. State, Fla.App.2d 1965, 172 So.2d 614 at 617. That opinion should be taken to refer to those who participate as aiders and abetters whose criminal responsibility, of course, is the same as a principal, Fla.Stat. § 776.011 (1971), F.S.A., but conspiracy is a different thing. In Damon v. State, Fla.1973, 289 So.2d 720, for example, there was evidence of the defendant’s presence during the planning of the crime. Evidence of complicity in the conspiracy is a prerequisite to admissibility of evidence concerning details of the conspiracy with which the accused is not directly linked.
We find no authority for the view that testimony that persons other than the accused planned a crime is admissible in the trial of the accused without a prior showing of the accused’s involvement in the conspiracy.
Reversed and remanded for a new trial.
HOBSON and BOARDMAN, JJ., concur.