MARTIN, Associate Judge.
An information charging the Defendant with (1) possession of a stolen motor vehicle, (2) buying, receiving or concealing stolen property, and (3) carrying a concealed weapon, was filed on September 14, 1972. The defendant was arraigned and pleaded not guilty, waiving trial by jury. The State abandoned Count (1) of the information, possession of a stolen motor vehicle, and the trial judge thereafter found the Defendant guilty of the remaining two counts. Defendant was sentenced to four years for buying, receiving or concealing stolen property, and to one year for carrying a concealed weapon.
*715 In this appeal, appellant contends that the evidence was insufficient to support the judgment of conviction on Count (2) for buying, receiving or concealing stolen goods, and that the trial Court should have granted his motion for a judgment of acquittal. Specifically, Defendant contends that the element of knowledge required by Section 811.16, Fla.Stat., F.S.A., is lacking in the evidence adduced before the trial Court.
The evidence discloses that the Defendant, accompanied by another not on trial, was operating a motor vehicle on the evening of July 6, 1972, in a northerly direction on 1-95 at a relatively high rate of speed. It was Defendant’s misfortune to pass an unmarked police vehicle traveling in the same direction which was occupied by two plainclothes police officers. The officers observed Defendant operating his vehicle in an erratic manner until he exited 1-95 at the 79th Street exit, at which time the officers stopped Defendant’s vehicle.
Upon approaching Defendant’s vehicle, one of the officers observed that the side vent window on the driver’s side was broken out and that there were loose wires hanging from underneath the dash directly below the ignition.
In State v. Graham, 238 So.2d 618, 620 (Fla.1970), the Supreme Court of Florida stated:
“It is essential to a conviction for receiving stolen property that the evidence shall show to the exclusion of a reasonable doubt that the accused had knowledge that the property in question was stolen at the time he received it, or that the circumstances of the transaction were sufficiently suspicious to put a person of ordinary intelligence and caution upon inquiry.”
Examining the evidence before the trial Court at the time of the ruling on the motion for a judgment of acquittal, it appears that a question of fact on the issue of knowledge was presented because all reasonable inferences to be drawn from the evidence adduced and conclusions are in favor of the party moved against. Devlin v. State, 175 So.2d 82 (Fla.App.1965).
In the case sub judice, the test has been met and the judgment and sentence must be affirmed.
Affirmed.