PER CURIAM.
Appellant, defendant below seeks review of a conviction and sentence for robbery and grand larceny.
The state charged the defendant, Juan Castillo, with two counts of robbery.
*620 At his trial, the evidence showed that Castillo along with a companion entered a Farm Stores in Hialeah around 10:30 P.M. on August 13, 1973 and held up Mrs. Blanche Shear, an employee there.
Mrs. Shear testified that the two robbers placed her in fear by pulling a knife on her. She gave them money which she was counting, and they scooped up more cash from the register, and fled.
Five days later, on August 18, 1973, Mrs. Shear testified that she was again robbed at approximately the same hour by apparently the same two men. She said she didn’t see a knife, but this time she wasn’t looking for one because she testified that she was so frightened she simply froze, and the men took money again, more money this time.
Mrs. Shear testified that she couldn’t say exactly how much money was taken on the second occasion, but “(I)t must have been over $100.00 or close to that amount.” She also stated that the robbers took cigarettes and items from the cooler in the store.
Subsequently, a written confession given by Castillo in Spanish was admitted into evidence. An interpreter read it as admitting to taking “$100 and some dollars” in the second holdup. From the record, however, it appears that interpreter incorrectly read the confession in which the appellant actually only admitted to stealing “eighty some odd dollars.”
As his point on appeal, therefore, Castillo urges that the judgment adjudicating him guilty for grand larceny should be reversed, and the cause remanded with directions to enter judgment and sentence for petit larceny. We decline to do so.
First, the record indicates that appellant never made a post-trial motion challenging the sufficiency of the evidence pertaining to grand larceny. His counsel did make a motion for a judgment of acquittal at the conclusion of all the evidence, which the trial court denied.
In so moving, the court was entitled to draw all reasonable inferences from the evidence adduced and conclusions in favor of the state. Fundora v. State, Fla. App.1974, 294 So.2d 714. Since the appellant did not move for a new trial, this court is not obliged to measure the alleged insufficiency of the evidence with reference to the total weight of the evidence adduced. Mancini v. State, Fla.1973, 273 So.2d 371; State v. Barber, Fla.1974, 301 So.2d 7.
 With this standard for review in mind, we have determined that although the evidence was conflicting, the court was entitled to resolve it in favor of the state. Therefore, we hold that the evidence was sufficient to sustain a finding of guilt for grand larceny.
We think there is also another basis for affirming the trial court in this case. The appellant does not challenge the finding of guilt as to robbery entered on count one.
We believe that the evidence also was sufficient under count two to have justified a finding of guilt for robbery, the greater offense in this instance. Therefore, even if the court was incorrect in finding that the value of the property stolen exceeded $100, we conclude that the error was harmless. Fla.Stat. § 924.33, F.S. A.; Cf., Edwards v. State, Fla.App.1974, 302 So.2d 479.
Therefore, for the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.