339 So.2d 704 (1976)
Samuel EVERETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1975.
District Court of Appeal of Florida, Third District.
November 23, 1976.
Rehearing Denied December 21, 1976.
*705 Phillip A. Hubbart, Public Defender, and Gerald Kogan, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Gary S. Rackear, Legal Intern, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant was the defendant below and appellee was the prosecution.
Appellant appeals a final judgment of conviction and sentence adjudicating him guilty of the unlawful sale of cannabis in violation of Section 893.13, Florida Statutes (1975) and conspiracy to deliver cannabis in violation of Section 833.04, Florida Statutes (1973).
Appellant was charged in a three count information with the crimes of unlawful sale of cannabis, unlawful possession of cannabis and conspiracy to deliver cannabis. Appellant waived trial by jury and plead not guilty. The trial was subsequently held on November 20, 1975, whereupon appellant was found guilty of the crimes of unlawful sale of cannabis and conspiracy to deliver cannabis. Appellant's motion for judgment of acquittal, made at the conclusion of appellee's case, was granted as to Count II, possession of cannabis, but was denied as to Count I, sale of cannabis and Count III, conspiracy to deliver cannabis.
Appellant filed a motion for new trial which was denied by the trial court and was sentenced to eighteen months in prison for each count, sentences to run concurrently. This appeal follows.
Appellant assigns as error the trial court's denial of appellant's motion for judgment of acquittal as to Counts I and III and the trial court's denial of appellant's motion for new trial. In addition, appellant assigns as error the trial court's admittance of the testimony of the arresting officer as to an incriminating statement he heard an alleged co-conspirator make to appellant during the commission of the crime.
Appellant's first contention is that the evidence was insufficient to support a verdict of guilty for Counts I and III and therefore, it was error to deny appellant's motion for a new trial.
Appellee is quick to point out, however, that appellant's motion for a new trial was filed on December 8, 1975. Appellant was adjudicated guilty of Counts I and III on November 20, 1975. Therefore, the elapsed time between the court's adjudication and the filing of appellant's motion was eighteen days.
Florida R.Crim.P. 3.590(a), which deals with the time within which one can file a motion for new trial, provides, among other things, that:
(a) A motion for a new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.
Fla.R.Crim.P. 3.590(a), 34 Fla. Stat. Ann. 200 (1975). Appellee argues that the untimely filing of appellant's motion for new trial forecloses us from examining the sufficiency of the evidence as a whole. Based upon our decision in Castillo v. State, 308 So.2d 619 (Fla. 3d DCA 1975), we must agree. See also Martin v. State, 262 So.2d 720 (Fla. 2d DCA 1972).
*706 The fact that appellant filed an untimely motion for new trial does not, however, prevent us from the examination of any of the evidence Mancini v. State, 273 So.2d 371 (Fla. 1973). Although we cannot examine the total weight of the evidence to determine if said evidence was sufficient to support the trial court's adjudication of guilt, by reviewing the trial court's refusal to grant appellant's motions for judgment of acquittal, we can at least determine whether or not appellee presented a prima facie case against appellant. Mancini, supra.
In reviewing a denial of a motion for judgment of acquittal, we are bound to follow a more limited standard than we utilize in reviewing a denial of a motion for new trial. Castillo, supra. In reviewing a denial of a motion for judgment of acquittal, all facts introduced into evidence are admitted by the defendant and every inference favorable to the prosecution must be drawn from that evidence. Codie v. State, 313 So.2d 754 (Fla. 1975). Unless there is an absence of legally sufficient evidence in which to base a guilty verdict, the motion must be denied. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975).
With the above stringent test in mind, we have carefully examined the record and find an absence of any substantial competent evidence to support the trial court's adjudication.
The only bona fide evidence tending to link appellant to the sale of any marijuana comes from the testimony of the arresting officer who overheard the alleged co-conspirator state to appellant, "I just sold this guy three hits and an ounce of grass, I need change." Appellant objected to the admissibility of the statement, claiming that it was hearsay and did not fall within the co-conspirator exception to the hearsay rule. Appellant argued that before the statement of the alleged co-conspirator could be used against him, appellee would have to present independent evidence of the conspiracy. The trial court, agreeing with appellant, nevertheless admitted the testimony, upon the provision that appellee could later prove the existence of the conspiracy by independent evidence.
The law is quite clear that before the co-conspirator exception to the hearsay rule may be invoked, there must be independent evidence of the existence of a conspiracy and of the objecting party's participation in said conspiracy. Damon v. State, 289 So.2d 720 (Fla. 1973). Even though a trial court may admit a co-conspirator's incriminating testimony into evidence before proof of a conspiracy is furnished, it must be conditioned on the prosecutor subsequently furnishing independent, adequate evidence of the conspiracy. Honchell v. State, 257 So.2d 889 (Fla. 1971).
After examining the record, we can not find where appellee ever presented any independent evidence to prove the existence of a conspiracy. As such, we believe the trial court erred in admitting the officer's testimony as evidence linking appellant to either the sale of cannabis and/or the conspiracy to deliver cannabis.
Absent this statement from the record, we cannot find any competent evidence from which we can draw reasonable inferences connecting appellant with either of the above mentioned crimes and therefore, we feel that appellee did not present a prima facie case against appellant. Accordingly, appellant's motion for judgment of acquittal as to Counts I and III should have been granted.
We have carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment and sentence appealed from is reversed.
Reversed.