350 So.2d 1082 (1977)
Aaron ADIRIM, a/k/a Pinky Adirim, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1594.
District Court of Appeal of Florida, Third District.
September 20, 1977.
Rehearing Denied November 8, 1977.
*1083 Tew & Mason and Donald Eugene Mason, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PER CURIAM.
Appellant, Aaron ("Pinky") Adirim, was charged by information with three counts of burglary, two counts of grand larceny, one count of attempted grand larceny, and two counts of conspiracy to commit a felony. He was convicted on all counts.
To establish appellant's complicity, the state relied largely on the testimony of a co-conspirator, Thomas Britt. Appellant avers that the trial court erred by allowing the testimony of a co-conspirator without first requiring the introduction of independent evidence of the existence of a conspiracy.
The "co-conspirator rule" provides that "[e]very act and declaration of each member of a conspiracy is the act and declaration of them all, and is therefore original evidence against each of them." Honchell v. State, 257 So.2d 889, 890 (Fla. 1971), and cases cited therein. However, independent proof of the existence of a conspiracy is required if acts or statements of one other than the accused are to be admissible against him under the co-conspirator exception to the hearsay rule. Honchell, supra; Farnell v. State, 214 So.2d 753 (Fla.2d DCA 1968); Hudson v. State, 276 So.2d 89 (Fla.4th DCA 1973); Parker v. State, 276 So.2d 98 (Fla.4th DCA 1973); Everett v. State, 339 So.2d 704 (Fla.3d DCA 1976).
*1084 This rule only operates to establish criminal liability of conspirators for the acts of their co-conspirators. It has no application to the admissibility of testimony of acts or statements of the accused himself, U.S. v. Etheridge, 424 F.2d 951, 967 (6th Cir.1970), nor of probative evidence relevant to the case and not otherwise excludable. Williams v. State, 110 So.2d 654 (Fla. 1959). See generally 22A C.J.S. Criminal Law § 782 at 1186-89 (1961). In this case, the witness, Britt's, testimony as to the out-of-court acts and statements of the appellant were admissible without regard to the hearsay exception, and appellant's reliance on the necessity for independent proof of the existence of a conspiracy was misplaced.
Moreover, appellant's own extra-judicial acts and statements constituted independently admissible evidence of a conspiracy as well as of appellant's participation in it, thus making the remaining portions of the witness' testimony admissible under the co-conspirator exception. Damon v. State, 289 So.2d 720 (Fla. 1973); Resnick v. State, 287 So.2d 24 (Fla. 1973); Hudson v. State, 276 So.2d 89 (Fla.4th DCA 1973).
Appellant further contends that the variance between the allegation in Count I and the proof presented at trial represents reversible error. Count I alleged burglary of a structure which was the property of Jim Fisher. Testimony revealed that Fisher was the branch manager of the firm which owned the property, not the actual owner of the property. The record clearly shows that, as branch manager, Fisher was more than a mere employee. He was the individual responsible for the custody of the stolen items. It is well established that
... the meaning of ownership varies with the offense. Burglary is not a disturbance to the fee of the place as realty, but to the habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar.
Addison v. State, 95 Fla. 737, 740, 116 So. 629, 630 (Fla. 1928); Harper v. State, 169 So.2d 512, 515 (Fla.2d DCA 1964). See also Johnson v. State, 293 So.2d 71 (Fla. 1974); Dorsey v. State, 324 So.2d 159 (Fla.1st DCA 1975).
The purposes of the requirement of an allegation of ownership in a burglary charge are essentially twofold: (1) to prove that the premises allegedly broken into were not the property of the accused, and (2) to identify the offense sufficiently to protect the accused from repeated prosecution for the same offense. Addison v. State, supra; Gagne v. State, 138 So.2d 90 (Fla.2d DCA 1962). These purposes have been met on the facts of this case.
Appellant also asserts that reversible error was committed in denying his motion for acquittal on Count VI in that the state failed properly to allege ownership of the property. Count VI charged burglary of the property of Harold Mullins, as custodian. What has already been said in reference to the averment of error in Count I is equally applicable here. It is sufficient that the information allege conclusively that ownership of the property taken does not rest with the accused, since it is necessary to negative the possibility that the accused was taking his own property. Johnson v. State, supra.
Appellant's remaining assertion of error is deemed without merit on the facts of this case.
Affirmed.