HENDRY, Judge.
Appellant, defendant below, was tried and convicted by a jury of conspiracy to sell a controlled substance (Cocaine); sale or delivery of a controlled substance; and manufacture or possession with intent to sell, manufacture or deliver a controlled substance. He was adjudged guilty and sentenced to seven years on the “sale” count and five years each on the “conspiracy” and “possession” counts, all sentences to run concurrently. From his convictions and sentences, appellant has raised a number of points on appeal.
Point I claims that the trial court committed reversible error in denying appellant’s motion to dismiss the conspiracy count on the grounds that the State failed to produce independent evidence of appellant’s participation in the crime. In conjunction with the first point, appellant’s point II claims as error the trial court’s denial of his motion for new trial. Said motion was based upon the allegedly erroneous admittance of certain statements made by appellant’s co-defendants, while appellant was not present, implicating appellant in the conspiracy. It is appellant’s contention that because the state failed to produce independent proof of a conspiracy, the “co-conspirator exception” to the hearsay rule is not applicable and the court should have excluded the testimony of a confidential informant which related such statements to the jury.
Notwithstanding appellant’s contentions, after carefully examining the record, it is our opinion that the state did present independent proof of a conspiracy involving appellant and thus, the “co-conspirator exception” to the hearsay rule was both available and correctly utilized by the trial judge. Adirim v. State, 350 So.2d 1082 (Fla.3d DCA 1977).
Appellant’s point III states that the trial court committed reversible error in allowing into evidence testimony of a subsequent, similar crime. We, however, find that the evidence was relevant insofar as proving such factors as intent, common scheme and design, while at the same time disproving unlawful entrapment. Williams v. State, 110 So.2d 654 (Fla.1959); Green v. State, 190 So.2d 42 (Fla.2d DCA 1966).
Appellant’s final point is without merit and need not be discussed.
Accordingly, after carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the judgment and sentences appealed from must be affirmed.
Affirmed.