RYDER, Judge.
Appellant was charged with handling and fondling Juanita Quatman, a female child under the age of fourteen, in a lewd and lascivious manner on July 21, 1976. A second information charged appellant with two counts of the same crime upon one Anita Ruiz on the same date. A third information charged appellant with battery upon Georgia Wells also on the same date.
Appellant was tried before a jury on all four charges. During the trial, Juanita Quatman was unable to identify appellant in court as the man who allegedly fondled her. No other witness at trial saw appellant commit this act upon Quatman. At the close of the State’s case, appellant’s motion for a judgment of acquittal was granted on the basis that there was no identification evidence linking appellant to the offense committed upon Quatman.
Appellant testified in his own defense. During the cross-examination of appellant the prosecutor asked appellant if he had any feelings of ill will toward Quatman, and whether he knew of any ill will feelings she might have towards him. Appellant’s counsel objected to these questions, arguing that such questioning was improper in light of the judgment of acquittal which had been granted at the close of the State’s case. However, the trial judge agreed with the prosecutor’s argument that all testimony elicited from Quatman and any actions regarding her were still admissible.
During his summation, the prosecutor argued:
He confirms that none of the girls — at least in his mind — has any reason to fabricate these stories, all three of them, and indicated that he has no logical reason why these girls would lie and fabricate all these things. And the reason is clear: It’s because they didn’t fabricate anything. It happened. It happened to all three of them.
* * * * * *
. The Sheriff’s Office was called because these girls told their mothers what the defendant had done to them, and it wasn’t one girl: It was three girls.
Thus, the prosecutor’s remarks to “these girls”, “all three of them” and “It was three girls” were made with reference to Quat-man as well as the other two girls.
Appellant contends the trial judge committed reversible error by permitting the State in its cross-examination of appellant and during its closing argument to make references, over objection, to a crime for which a motion for a judgment of acquittal *1309 had been previously granted in favor of appellant. We agree and reverse.
The State argues the evidence relating to Quatman is admissible under the “Williams Rule” since that testimony tended to prove criminal intent and a common modus oper-andi of appellant, from which the jury could find appellant was the perpetrator of all the crimes. Williams v. State, 110 So.2d 654 (Fla.1959). We do not find this argument persuasive. The testimony and argument relating to Quatman, in fact, violates the “Williams Rule.” A necessary predicate for permitting such testimony is a showing that the accused perpetrated the acts sought to be introduced under the rule. Williams v. State, supra. In this case, lack of identification testimony linking appellant with the offense committed upon Quatman was the very reason the judgment of acquittal was granted. Therefore, after judgment of acquittal had been entered in the Quatman case, any further reference to that crime under the “Williams Rule” would be prohibited and, as allowed by the trial judge to occur before the jury, is reversible error. See Brown v. State, 128 Fla. 762, 175 So. 515 (1937), opinion clarified, 130 Fla. 479, 178 So. 153 (1938).
This error cannot be said to have not prejudiced appellant in his defense against the charges involving Anita Ruiz and Georgia Wells, thus a new trial for appellant on all three charges involving Wells and Ruiz is required and so ordered.
In view of the foregoing, we do not pass upon the other point raised by appellant.
Reversed and remanded for proceedings consistent with this opinion.
OTT, A. C. J., and DANAHY, J., concur.