OTT, Judge.
The state appealed a pretrial order excluding hearsay statements of alleged co-conspirators. Such an order is not ap-pealable under rule 9.140(c), Florida Rules of Appellate Procedure. We treat the notice of appeal as a petition for writ of certiorari and grant it.
Respondent was charged with first degree murder; he was not charged with the crime of conspiracy. Respondent’s original trial ended in a mistrial. Thereafter, the state filed a motion in limine, seeking a pretrial ruling on the admissibility of hearsay statements made by alleged co-conspirators Pauline and Leroy Wilson.
In Boyd v. State, 389 So.2d 642, 644 (Fla. 2d DCA 1980), this court stated the general rule applicable to the case before us:
[W]hen a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every one of them and may be proved against each. Brown v. State, 128 Fla. 762, 175 So. 515 (1937), clarified, 130 Fla. 479, 178 So. 153 (1938). Accordingly, a hearsay (out-of-court) statement of a defendant’s alleged co-conspirator is admissible against the defendant if the statement was made during the pendency of the conspiracy and in furtherance of its objectives, provided that there is evidence of the conspiracy independent of the hearsay testimony. The requirement of independent evidence is a condition of admissibility. Briklod v. State, 365 So.2d 1023 (Fla.1978); Resnick v. State, 287 So.2d 24 (Fla.1973).
We feel that the following testimony sufficiently established the conspiracy independent of the hearsay testimony. An attorney testified that the Wilsons had initiated proceedings to gain custody of their *927 grandchild, the victim’s child. Horsman, an alleged co-conspirator, testified he and Respondent went to the Wilsons’ home, where Horsman suggested they plant drugs on the victim and then report her to law enforcement authorities. Horsman purchased the drugs with money Leroy Wilson gave him. Horsman and respondent then met Wilson, and the three drove to the victim’s house and left marijuana on her porch. The victim was not arrested as a result of this plan. Several days later Horsman and respondent went to the Wil-sons’ home and met again with Pauline and Leroy Wilson. Horsman left this meeting and waited outside for respondent. Respondent eventually came out and instructed Horsman to drive him to the victim’s home. Respondent was armed with a pistol. The victim was not at home. Hors-man asked respondent what he planned to do, and respondent replied, “Pauline wanted her killed.” When Horsman expressed his intent not to participate, respondent said he would take care of it himself.
Our supreme court has not adopted a test for the required quantum of independent proof of conspiracy. Briklod v. State, 365 So.2d 1023, 1026, n. 5 (Fla.1979). Likewise, this court has noted that this point is debatable. Boyd, 389 So.2d at 648.
The fourth district, in Saavedra v. State, 421 So.2d 725, 727 (Fla. 4th DCA 1982), recently adopted the “preponderance of the evidence” test for establishing a defendant’s participation in a conspiracy prior to admission of co-conspirator’s statements. We feel that the evidence outlined above is sufficient to meet even the strict “preponderance of the evidence” test. However, we decline to adopt a particular test and merely hold that in this case there was sufficient evidence of a conspiracy to allow the hearsay testimony of the Wilsons to be admitted in evidence.
Certiorari is the proper remedy here because the trial court’s ruling excluding the evidence is legally erroneous, and no remedy will be available to the state upon appeal from a final disposition of the case. See State v. Busciglio, 426 So.2d 1233 (Fla. 2d DCA 1983).
The order of the trial court is QUASHED. Petition for writ of certiorari GRANTED.
HOBSON, A.C.J., and DANAHY, J„ concur.