*40 ON MOTION FOR REHEARING
PER CURIAM.
On January 20, 1986, the trial court entered an order in the above-styled matter barring the state from introducing at the respondent’s retrial not only evidence acquired through a “body bug,” but also the testimony of a witness, Munson, who had testified at an earlier trial. Thereafter, the state filed a notice of appeal, docketed in this court as Case No. 86-235. The notice refers to the suppression of evidence and the exclusion of testimony. The state also filed a petition for certiorari claiming that that aspect of the January 20 order “excluding” Munson's prior testimony from introduction at retrial constituted a substantial departure from the essential requirements of law. We agreed and granted the petition for certiorari. State v. Hill, No. 86-406 (Fla. 2d DCA August 8, 1986) [11 F.L.W. 1732]. The respondent timely filed a motion for rehearing challenging only the validity of our substantive determination that the trial court had erred in “excluding” Munson’s testimony.
The motion for rehearing, however, did not question our certiorari jurisdiction which, by our reference to State v. Wilson, 483 So.2d 23 (Fla. 2d DCA 1985), we recognized to have been clouded by the supreme court’s opinion in Jones v. State, 477 So.2d 566 (Fla.1985). The supreme court’s subsequent decision in McIntosh v. State, 496 So.2d 120 (Fla.1986), caused us, sua sponte, to enter an order according the petitioner and the respondent an opportunity to provide us with their respective views bearing upon our certiorari jurisdiction. We have concluded that Jones and McIntosh are barriers to the exercise of certiorari jurisdiction in this proceeding. Hence, we grant the motion for rehearing, withdraw our August 8 opinion, and dismiss the petition. That, however, does not end the matter.
In spite of the fact that the notice of appeal in Case No. 86-235 refers to each aspect of the trial court’s January 20 suppression order, the state’s bifurcated approach to review appears to have stemmed from a belief that only that portion dealing with the “body bug” evidence was appeal-able under Rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure, and that so much of the order excluding the prior testimony of Munson was subject to review by certiorari. The state may have been uncertain as to the full effect of the trial court’s order. In any event, the January 20 order suppressed an admission uttered by the respondent, albeit such suppression occurs in the order’s decretal paragraph in the form of granting the respondent’s “Motion To Exclude Use Of Former Testimony.” See State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979); see also, State v. Eicher, 431 So.2d 1009 (Fla. 3d DCA 1982). In short, had the state not filed the petition for certiorari and simply pursued comprehensive appellate review of the January 20 order initiated in Case No. 86-235, our jurisdiction under Rule 9.140(c)(1)(B) would extend to an examination of the determination to “suppress” Munson’s former testimony containing the respondent’s admission. See State v. Palmore, 495 So.2d 1170 (Fla.1986) [corrected opinion 11 F.L.W. 592].
Accordingly, in view of the fact that the notice appealing the order in Case No. 86-235 embodies the exclusion of Munson’s *41 testimony and is the same order which we considered in our certiorari review, and that in seeking certiorari review the state was relying upon the long-standing practice of the district courts to exercise certio-rari jurisdiction over orders presented in criminal cases as non-appealable, see, e.g. State v. Haynes, 453 So.2d 926 (Fla. 2d DCA 1984); State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984); State v. Williams, 442 So.2d 240 (Fla. 5th DCA 1983), and that the district courts are under a mandate not to dismiss causes because an improper remedy has been sought, Art. 5, § 2(a), Fla. Const. and Rule 9.040(c), Fla.R. App.P., we shall, within the authority conferred by Rule 9.140(f) of the Florida Rules of Appellate Procedure, pass upon the matters raised in Case No. 86-406 as part of the determination of Case No. 86-235.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.