379 So.2d 657 (1980)
Cosme RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-458.
District Court of Appeal of Florida, Third District.
January 15, 1980.
Rehearing Denied February 26, 1980.
Bierman, Sonnett, Beiley & Shohat and Lawrence E. Besser, Miami, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
Appellant, defendant in the trial court, seeks review of his conviction and sentence to ten years in the State penitentiary plus ten years probation, entered by the trial court pursuant to a jury verdict which found the appellant guilty of second degree murder.
The appellant alleges two points by this appeal: (1) that the trial court erred in denying the appellant's motions for judgment of acquittal; (2) that the trial court improperly instructed the jury on the applicable law. We find both points to be without merit.
A motion for judgment of acquittal in a criminal case on the grounds of insufficient evidence to support the conviction admits all facts in evidence and every reasonable conclusion inferable therefrom favorable to the State. Weldon v. State, 287 So.2d 133 (Fla. 3d DCA 1973); Spinkellink v. State, 313 So.2d 666 (Fla. 1975); Leath v. State, 333 So.2d 122 (Fla. 1st DCA 1976). In that posture, the facts in the instant case reveal the following:
On Sunday evening, July 3, 1977, the deceased and his girl friend went to visit some friends who were staying in that section of the Castaways Motel located on the east side of Collins Avenue, on the ocean, in the unincorporated area of Miami Beach. At approximately 2:00 A.M., July 4, the decedent, his girl friend, and another boy and girl had left a friend's room and were walking on the sidewalk in front of the Castaways, when they met the defendant and a couple of his friends. The defendant, or one of his friends, made a comment directed to the deceased's girl friend and the deceased started fighting with one of the defendant's friends. At this point, the defendant picked up a two-by-six about three feet long that was used to block the *658 wheels of a boat trailer parked on the street. The two-by-six was solid, having no cracks, rot or any other defect. A crowd had assembled by that time and someone suggested the fight be a fair one. The defendant then dropped the board. The decedent and the boy he was fighting with headed toward the beach to continue the fight (the crowd followed). They crossed the parking lot and, just before they crossed the fence to go down to the beach, the decedent's girl friend noticed the defendant had picked up the board and was carrying it with him to the beach. She told him not to hit her boy friend with the board and he threatened to hit her first. The party proceeded across the beach to the water's edge, where the fight resumed. At first, the deceased was losing the fight but he got the upper hand and was sitting on the other boy, striking him in the head, when the defendant came running across the sand toward the deceased brandishing the board like a baseball bat. While in full stride, he swung the board with such force that upon hitting the deceased's right forehead the board broke in two. The blow rendered the deceased comatose and he was taken to the hospital, where he remained in that condition for about six days. He stayed in the hospital for about six weeks. Upon his release, he had occasional seizures and complained of headaches. Later he complained of chest pains and was hospitalized and released. About three months after receiving the blow he died. An autopsy revealed the cause of death to be a pulmonary embolism. The cause of death was determined to be a hard blow to the head by a blunt object. The blow to the head caused contusions on the brain, and as the brain tissue began to break down it leaked lipids [fat] into the circulation which caused the blood to clot. One or more of these clots lodged in the deceased's lungs, eventually killing him.
The test to be applied on review of denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury (as the trier of the fact) might reasonably so conclude. Hernandez v. State, 305 So.2d 211 (Fla. 3d DCA 1974); Piantadosi v. State, 311 So.2d 742 (Fla. 3d DCA 1975); Zuberi v. State, 343 So.2d 664 (Fla. 3d DCA 1977). Suffice it to say that, based on the foregoing facts, there was substantial competent evidence before the trial court from which the jury, as trier of the fact, could reasonably conclude that the defendant was guilty of the offense charged.
As to the second point on appeal, a review of the entire charge reveals the trial court's charge to the jury was proper and is a correct statement of the law of this State. Tunsil v. State, 338 So.2d 874 (Fla. 3d DCA 1976); Hallman v. State, 371 So.2d 482 (Fla. 1979).
Therefore, the conviction and sentence under review herein is hereby affirmed.
Affirmed.