395 So.2d 1175 (1981)
Irven George PRESSLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-968.
District Court of Appeal of Florida, Third District.
March 3, 1981.
Rehearing Denied April 14, 1981.
*1176 Bennett H. Brummer, Public Defender and Max P. Engel, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
HENDRY, Judge.
Appellant Irven Pressley, the defendant below, seeks review of a second degree murder conviction entered pursuant to a jury verdict. We affirm.
The events leading to this unfortunate killing began as a domestic quarrel between appellant and Caroline Reddick and soon encompassed Caroline's family. After their quarrel, appellant angrily left the home he shared with Caroline. Caroline and her sister Sheila and brother Eddie searched for appellant, and when they couldn't locate him, Eddie and Sheila went to the home of their mother Bertha and stepfather, Henry Johnson. After learning of Eddie's desire to confront him, appellant and a companion also went to the Johnson home where an altercation between appellant and Eddie took place. Eddie discharged his gun into the ground while Henry tried to reconcile the two. By this time, the entire family was gathered in the yard to observe the conflict. Appellant then got into the car with his friend and exchanged gunfire with Eddie as they were pulling away; appellant firing toward Eddie and the others. Henry Johnson was killed. Appellant disposed of his weapon and later turned himself in.
At the conclusion of all the evidence, appellant moved for a directed verdict of acquittal which was denied. During deliberations, the jury asked for additional information concerning the weapons used by appellant and Eddie. After conferring with counsel for both sides, the judge instructed the jury to rely on its own recollection.
Appellant raises three points on appeal. (1) The trial court erred in not reducing the charge of second degree murder to manslaughter. (2) The trial court erred in denying his motion for judgment of acquittal. (3) The trial court erred in not declaring a mistrial on its own motion when the jury asked for further information.
To resolve appellant's contention that the second degree charge should have been reduced to manslaughter, we look to Section 782.04(2), Florida Statutes (1979), which defines murder in the second degree as:
The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, . .. .
The Florida Standard Jury Instruction on second degree murder provides that:
An act is one imminently dangerous to another and evincing a depraved mind regardless of human life if it is an act (or a series of acts) which

*1177 1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another,
2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
Clearly, a person of ordinary judgment would know that firing a loaded gun toward a group of people is reasonably certain to kill or do serious bodily injury to another. Appellant's acts also indicated an indifference to human life and demonstrated ill will. Even though a defendant has no intent to hit or kill anyone, firing a gun into a crowd of people constitutes second degree murder when a person is killed as a result. Golding v. State, 26 Fla. 530, 8 So. 311 (1890); United States Fidelity & Guaranty Co. v. Perez, 384 So.2d 904 (Fla. 3d DCA 1980). In the instant case, moreover, there is evidence that the appellant did intend to either kill or cause serious bodily injury to Eddie Reddick. As a matter of law, this original malice is transferred from the one against whom it was entertained to the person who actually suffered the consequence of the unlawful act. Coston v. State, 139 Fla. 250, 190 So. 520 (1939); Wright v. State, 363 So.2d 617 (Fla. 1st DCA 1978), cert. denied 372 So.2d 471 (Fla. 1979). Accordingly, a second degree murder charge was appropriate in the present case.
Addressing appellant's second point, we conclude that the motion for judgment of acquittal was properly denied. The standard of review for the denial of a motion for judgment of acquittal is "not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury must reasonably so conclude." Hernandez v. State, 305 So.2d 211 (Fla. 3d DCA 1974), cert. denied 315 So.2d 192 (Fla. 1975). By the motion, a defendant admits all facts introduced into evidence and the court must draw every inference favorable to the prosecution. Codie v. State, 313 So.2d 754 (Fla. 1975); Rodriguez v. State, 379 So.2d 657 (Fla. 3d DCA 1980). The motion should not be granted absent any evidence legally sufficient upon which to base a verdict of guilt. Downer v. State, 375 So.2d 840 (Fla. 1979); Everett v. State, 339 So.2d 704 (Fla. 3d DCA 1976).
We are satisfied that there was sufficient evidence to support the trial court's denial of the motion. Appellant does not dispute the fact that he fired his gun in the direction of the deceased. Rather, appellant argues his innocence on two alternative grounds: that he was justified in firing on a theory of self-defense, or that Eddie fired the fatal shot.
In order to avail oneself of a claim of self-defense in a homicide, a defendant must demonstrate that the situation would induce a reasonably prudent person to believe both that danger was imminent and that there was a real necessity for the taking of a life. Gil v. State, 266 So.2d 43 (Fla. 3d DCA), cert. denied, 271 So.2d 139 (Fla. 1972). Appellant has not carried that burden. Bolin v. State, 297 So.2d 317 (Fla.3d DCA), cert. denied, 304 So.2d 452 (Fla. 1974). Furthermore, a person may not use violence upon his assailant, after the assailant is no longer a threat and all danger is clearly past, and thereby claim to be acting in self-defense. Gil v. State, supra. Sub judice, appellant was driving safely away from any possible harm when he began shooting. Thus, appellant was the aggressor and may not be said to have acted defensively.
Appellant's alternative theory of innocence  that Eddie Reddick actually killed Henry  stems from the fact that it was impossible to determine the caliber of the bullet removed from the deceased. The medical examiner who performed the autopsy testified that the fatal bullet came from a large caliber weapon and that no "stippling"[1] was observed around the entrance *1178 wound. Although both appellant and Eddie were armed with large caliber weapons on the day of the murder, other evidence presented at trial tended to prove that appellant fired the fatal shot: 1) at the time of the shooting, Henry was standing to Eddie's left (with Bertha Reddick positioned between them) and not in Eddie's line of fire, whereas appellant was aiming toward both Eddie and Henry (there was no testimony that Eddie ever aimed his gun sideways toward the deceased); 2) the absence of stippling around the wound indicated that Henry was probably not shot from close range (Eddie was near to the deceased, appellant farther away); 3) finally, appellant discharged his weapon approximately four times during the gun battle, while Eddie fired only once. This evidence was legally sufficient to support a verdict of guilt; the motion for judgment of acquittal was properly denied, thereby enabling the jury to confront the conflicts in testimony. Lynch v. State, 293 So.2d 44 (Fla. 1974).
In his final point appellant argues that the trial court should have declared a mistrial on its own motion when the jury interrupted its deliberations to request information not in the record. He urges that such a request indicates the jury's inability to determine guilt or innocence based solely on the evidence adduced at trial, and suggests reliance upon their own independent knowledge in reaching a verdict.
With the consent of counsel for each side, the trial judge instructed the jurors to rely on their own recollections of the evidence presented. This ruling was in accordance with the Florida Rules of Criminal Procedure, which provide that the court may give the jury additional instructions, or correct erroneous ones,[2] and have testimony read to them,[3] but may not allow the jury to hear additional evidence after they have retired to consider their verdict.[4] Since appellant does not allege that any of the jurors had independent knowledge of the events in question or that extraneous information prejudiced the jury's impartiality, he appears to be challenging the sufficiency of the evidence. That issue, however, is foreclosed by our affirmance of the trial court's denial of the motion for judgment of acquittal.
No error having been demonstrated, the conviction appealed from is hereby affirmed.
Affirmed.
NOTES
[1] Stippling is the presence of small burns on the skin around a gunshot wound caused by hot gunpowder and usually results from the weapon being fired at close range.
[2] Fla.R.Crim.P. 3.420.
[3] Fla.R.Crim.P. 3.410.
[4] Fla.R.Crim.P. 3.430.