545 So.2d 490 (1989)
Rafael SOBERON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1165.
District Court of Appeal of Florida, Third District.
June 27, 1989.
*491 Rubin, Rubin & Fuqua, and Kelley A. Finn, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
COPE, Judge.
Appellant, defendant below, appeals his conviction of second degree murder, claiming first, that the trial court abused its discretion in certain evidentiary rulings, and second, that the trial court erred in denying the defendant's motion for judgment of acquittal. We affirm.
We have carefully considered the assertions as to error in the evidentiary rulings. The trial court allowed substantial examination in each of the subject matter areas raised on this appeal. Although the points were not properly preserved, in any event we find no error in the rulings that were made.
Appellant also contends his motion for judgment of acquittal should have been granted on the theory that the appellant's actions in fatally shooting the deceased did not prove second degree murder and affirmatively proved self-defense. As this court said in Knight v. State, 392 So.2d 337, 338-39 (Fla. 3d DCA), review denied, 399 So.2d 1143 (Fla. 1981):
The proper test on appeal of a denial of a motion for judgment of acquittal is whether the jury as the trier of fact might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt. Rodriguez v. State, 379 So.2d 657 (Fla. 3d DCA 1980); Zuberi v. State, 343 So.2d 664 (Fla. 3d DCA 1977). All facts introduced into evidence are admitted by the defendant, and the court must draw every conclusion favorable to the state. Codie v. State, 313 So.2d 754 (Fla. 1975); Rodriguez v. State, supra; Matrascia v. State, 349 So.2d 735 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla. 1978). The motion should not be granted unless there is no legally sufficient evidence on which to base a verdict of guilt. Downer v. State, 375 So.2d 840 (Fla. 1979); Everett v. State, 339 So.2d 704 (Fla. 3d DCA 1976).
See also Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981).
The appellant had been dating the ex-wife of the deceased. The deceased, who was taller than appellant and outweighed him by thirty pounds, had a jealous nature. There were several confrontations between the two, and on one occasion the deceased struck the appellant in the head. Appellant procured a firearm for his protection.
On the day of the shooting, appellant went to the ex-wife's home to take her and her daughter to the beach. When he arrived, the ex-wife and the deceased were speaking with each other on the sidewalk in front of the ex-wife's house. Appellant observed from his car, about thirty feet away, as the two quarreled. The deceased grabbed the ex-wife's arm and twisted it. Appellant took out his pistol and emerged *492 from the car, intending to threaten the deceased. The deceased was unarmed, and either walked or ran toward appellant.[1] When the deceased was eight to twelve feet from appellant, appellant shot four times, inflicting fatal wounds.
As the Second District has said:
We are not entitled to reweigh sufficient evidence.... The jury was entitled to conclude that the defense of self-defense was not applicable. "[A] person under attack [has] to `retreat to the wall or ditch' before taking a life." ... The "one interposing the defense ... must have used all reasonable means in his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life... ." Linsley v. State, 88 Fla. 135, 101 So. 273 (1924).
Baker v. State, 506 So.2d 1056, 1058 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla. 1987).[2] Moreover, "a defendant must demonstrate that the situation would induce a reasonably prudent person to believe both that danger was imminent and that there was a real necessity for the taking of a life." Pressley v. State, 395 So.2d at 1177 (citation omitted). On this record the trial court correctly denied the motion for judgment of acquittal and properly submitted the issue to the jury.[3]
Appellant also contends that the evidence was legally insufficient to show "a depraved mind regardless of human life," § 782.04(2), Fla. Stat. (1987), an essential element of the charge of second-degree murder. Here, the appellant shot an unarmed man four times in the circumstances outlined above. The reported decisions have held the evidence sufficient to submit to the jury on comparable, though not identical, facts. See Turner v. State, 298 So.2d 559, 560 (Fla. 3d DCA 1974); Hines v. State, 227 So.2d 334, 335-36 (Fla. 1st DCA 1969); cf. Pressley v. State, 395 So.2d at 1177 ("firing a loaded gun toward a group of people is reasonably certain to kill or do serious bodily injury ... [and] ... indicated an indifference to life and demonstrated ill will"; second degree murder established when person is killed as a result, even though defendant did not intend to kill). The evidence was properly submitted to the jury as second degree murder, as well as the lesser included offense of manslaughter.
AFFIRMED.
NOTES
[1] The medical examiner testified that if the deceased was crouched and running, the wounds would be more consistent with the victim running at an angle to the appellant than running straight at the appellant.
[2] There is an exception to the duty to retreat where a person is attacked in his home by a person not having an equal right to be there. Id. at 1059 (citation omitted).
[3] The cases relied on by appellant are inapposite. See Hernandez Ramos v. State, 496 So.2d 837, 838 (Fla. 2d DCA 1986) (victim initiated fight; defendant tried to leave but was prevented from doing so by victim's friends); Brown v. State, 454 So.2d 596, 597 (Fla. 5th DCA) (defendant repeatedly tried to break off, could retreat no further), review denied, 461 So.2d 116 (Fla. 1984); Harper v. State, 411 So.2d 235, 236 (Fla. 3d DCA 1982) (victim tried to strike defendant with large stick; defendant took the stick and struck victim once; there were no apparent ill effects; victim died following day; cause of death inconclusive).