PER CURIAM.
Juan Vieyra appeals his convictions for second degree murder and possession of a firearm during the commission of a felony. We affirm in part and reverse in part.
Vieyra had had a romantic relationship with Aurora Noriega which ended in October, 1987. Thereafter, Noriega became romantically involved with the victim, Caesar Molina. In December Vieyra came to Noriega’s apartment and told her that if she accompanied Molina to a dance on Christmas, Vieyra would kill both Noriega and Molina.
Despite the threat, Noriega and Molina went to the dance where they encountered Vieyra. After the dance, a chase ensued on a narrow roadway during which Noriega’s and Vieyra’s cars bumped. The drivers eventually stopped. A quarrel ensued, and Vieyra fatally shot Molina. At trial Vieyra tried to establish through witnesses to the incident that he had acted in self-defense, although Molina was unarmed. On this appeal Vieyra contends that his defense was unfairly prejudiced when the trial court admitted evidence that after the dance was over, Vieyra pulled out his gun during an encounter with a third person in the parking lot. A friend of Vieyra took the gun away and placed it under the seat of Vieyra’s car. After this incident, Vieyra drove down the same road used by Molina, eventually catching Molina’s car. After the vehicles had stopped, and when the confrontation started, the gun was retrieved from beneath the seat of Vieyra’s car by a passenger. The gun was the weapon with which Vieyra killed Molina.
Vieyra argues that the parking lot encounter was with a person otherwise unconnected with the shooting incident. He contends that it was evidence of a prior “bad act” introduced solely to show bad character or propensity to commit crime. He requests that a new trial be granted.
We disagree. The trial court had the discretion to admit the testimony in order to place all of the events in their logical sequence and context. See Smith v. State, 365 So.2d 704, 707 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). The parking lot encounter involved the murder weapon and occurred immediately prior to the fatal roadside altercation. The evidence was pertinent to negate the defense contention that Vieyra had acted in self-defense and armed himself only when threatened. It also had a bearing on the issue of Vieyra’s intent. See Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA 1981); see also Jackson v. State, 522 So.2d 802, 806 (Fla.), cert. denied, — U.S. -, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988); Soberon v. State, 545 So.2d 490 (Fla. 3d DCA 1989). The trial court instructed the State to limit its inquiry about that encounter to its bare essentials, and the State did not give the matter undue emphasis or make it a feature of the trial. See Jackson v. State, 522 So.2d at 806; Washington v. State, 432 So.2d 44, 47 (Fla.1983); Snowden v. State, 537 So.2d 1383, 1383-86 (Fla. 3d DCA), review denied, 547 So.2d 1210 (Fla.1989).
*437 As to Vieyra’s second point on appeal, the conviction for possession of a firearm during the commission of a criminal offense must be vacated under authority of Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988)[1],[2]
Affirmed in part, reversed in part and remanded.

. The second degree murder, a first degree felony, § 782.04(2), Fla.Stat. (1987), was enhanced to a life felony by virtue of the use of the firearm. See § 775.087(1)(a), Fla.Stat. (1987).

. The instant offense was committed prior to the effective date of chapter 88-131, Laws of Florida. See State v. Smith, 547 So.2d 613 (Fla.1989).