PER CURIAM.
Raul Valdez appeals his conviction for second degree murder. We affirm. First, we conclude that the limits placed on defense counsel’s voir dire examination of the jury were within permissible bounds and that there was no abuse of discretion in the trial court’s ruling. See Stano v. State, 473 So.2d 1282, 1285 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986); Brunson v. State, 492 So.2d 1155, 1156 (Fla.3d DCA 1986). Second, given the facts of the confrontation between the defendant and the victim, including the defendant’s threats against the victim at the very outset, the State presented facts sufficient to go to the jury on the second degree murder charge. See Soberon v. State, 545 So.2d 490 (Fla.3d DCA 1989); Pressley v. State, 395 So.2d 1175 (Fla.3d DCA), review denied, 407 So.2d 1105 (Fla.1981); Bristow v. State, 338 So.2d 553 (Fla.3d DCA 1976). We therefore reject the argument that the conviction must be reduced to that of manslaughter. No reversible error is shown by the remaining points on appeal.
Affirmed.