664 So.2d 3 (1995)
Haywood SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2561.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Bennett H. Brummer, Public Defender, and Robert Kalter and Donald Tunnage, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark Rosenblatt, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
*4 BASKIN, Judge.
Haywood Scott appeals a judgment of conviction for the sale of cocaine. We reverse and remand for a new trial.
Defendant was arrested and charged when a detective recognized defendant in a videotape of an undercover drug transaction. At trial, the state, seeking to prove that defendant was involved in the transaction, presented the videotape. During deliberations, the jury requested that the court permit it to view defendant's right profile. Over defense objection and the court's express statement that the jury had not viewed that profile at trial, the court granted the jury's request. Defendant contends that the court acted improperly.
The trial court erred in requiring defendant to display his face from different angles to the jurors after they had retired for deliberations. The display of the right profile of defendant's face constitutes non-testimonial `real or physical' evidence which the jury, as expressly found by the trial court, had not seen during the trial. See Macias v. State, 515 So.2d 206, 208 (Fla. 1987); Smith v. State, 574 So.2d 1195, 1197 n. 3 (Fla. 3d DCA 1991), approved on other grounds sub nom. State v. Washington, 594 So.2d 291 (Fla. 1992). The presentation of new evidence after the court submits the cause to the jury is improper. Fla.R.Crim.P. 3.430; see Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981). Cf. Coleman v. State, 610 So.2d 1283, 1286 (Fla. 1992) ("A trial court ... has wide discretion in deciding whether to have testimony reread."), cert. denied, ___ U.S. ___, 114 S.Ct. 321, 126 L.Ed.2d 267 (1993). Because the sole issue at trial was whether defendant was the person depicted in the videotaped drug transaction and the jury requested additional information in resolving that issue, we hold that the error was harmful. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). For these reasons, we reverse the judgment.
Reversed and remanded.