733 So.2d 1048 (1999)
Carita CORPUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4455.
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Rehearing Denied June 24, 1999.
*1049 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Lara J. Edelstein, and Maya Saxena, Assistant Attorneys General, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from appellant's conviction for sexual battery upon a person less than twelve years of age by a person eighteen years of age or older. Appellant contends that the trial court erred by failing to grant a judgment of acquittal based upon her defense of insanity and the state's failure to prove her sanity. Because there was evidence that appellant was intoxicated, rather than insane, we affirm the court's denial of the motion.
Appellant was charged with capital sexual battery of her child in a bizarre set of circumstances during which appellant actually committed the act of sexual battery in the presence of officers whom she had called to the scene. Appellant was intoxicated at the time, having used cocaine and alcohol that evening. Tests on appellant revealed a blood alcohol level of .123 and positive results for cocaine and amphetamines.
At trial, the appellant raised the insanity defense, introducing testimony of two experts. They testified that appellant experienced a psychotic episode as a result of her intoxication, that a psychotic episode is a medical infirmity or defect, and that appellant did not have the ability to know what she was doing or its consequences. However, the experts admitted that intoxicated people can commit bizarre acts and still be considered sane. Moreover, Dr. Rifkin testified that it is possible to have a psychotic episode and still be sane. The appellant moved for judgment of acquittal, claiming that she had presented evidence which raised a reasonable doubt as to her sanity, and that the unrebutted expert testimony was conclusive on the issue. The court denied the motion, prompting this appeal.
"The applicable standard of review of the denial of a motion for judgment of acquittal is to determine whether the jury may reasonably conclude that the evidence fails to exclude every reasonable hypothesis but that of guilt." Murphy v. State, 511 So.2d 397, 399 (Fla. 4th DCA 1987)(citing Green v. State, 408 So.2d 1086, 1089 (Fla. 4th DCA 1982)). "By the motion, a defendant admits all facts introduced into evidence and the court must draw every inference favorable to the prosecution." Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA 1981). "The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence *1050 to support the jury verdict, we will not reverse." Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA)(quoting State v. Law, 559 So.2d 187, 188-89 (Fla.1989)), rev. dismissed, 725 So.2d 1107 (Fla. 1998).
In the instant case, the evidence presented by the experts themselves shows that the appellant committed the act while intoxicated, but that intoxicated persons could be sane even when committing bizarre acts. This testimony undermined their contrary opinions that appellant was not sane at the time of the incident. "[E]xpert testimony is not binding on the trier of fact." Fisher v. State, 506 So.2d 1052, 1054 (Fla. 2d DCA 1987)(citing Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985)). Here that is especially true, when the expert's concessions could lead a jury to conclude that appellant's intoxication, not a psychosis, was the explanation for her conduct.[1] Combined with the lay testimony, we think there was competent, substantial evidence to support the jury verdict.
Appellant also claims that her counsel was ineffective in closing argument by making an argument which improperly shifted the burden to appellant to prove her insanity beyond a reasonable doubt. We do not think that ineffectiveness sufficient to vacate the conviction is so apparent on the face of the record that it can be raised on direct appeal. See Stewart v. State, 420 So.2d 862, 864 (Fla.1982). In the instant case, the court correctly instructed the jury as to the law and the proper allocation of the burden of proof. This would have alleviated the attorney's misstatements.
Affirmed.
STONE, C.J., GUNTHER and WARNER, JJ., concur.
NOTES
[1] Appellant stresses insanity as a defense, since voluntary intoxication is not a defense to capital sexual battery. See Askew v. State, 118 So.2d 219, 222 (Fla.1960); Heddleson v. State, 512 So.2d 957, 959 (Fla. 4th DCA 1987).