LEVINE, J.
 

 The issue presented is whether the trial court committed reversible error by an
 
 *500
 
 swering a question from the jury without first consulting the defense attorney and prosecuting attorney. We find that the trial court’s response to a juror’s question without first consulting with the attorneys was per se reversible error. For that reason, we reverse.
 

 Appellant was charged with sale of cocaine within 1000 feet of a park and possession of cocaine. During trial, the jury viewed a video of appellant selling a cocaine rock to two individuals, who at the time were students at the police academy and acting as “confidential informants.” The two former students identified appellant in court as the person who sold them the cocaine.
 

 Later that day, a detective arrested appellant for an unrelated crime of possession of drug paraphernalia. The state filed a notice pursuant to section 90.404(2)(c)(1), Florida Statutes, to elicit evidence that when appellant was arrested for the unrelated crime, he was wearing the same clothes as depicted on the video of the sale of cocaine. The state would not mention that his arrest was for another crime. The trial court allowed the admission of the testimony, over defense counsel’s objection, finding it was inextricably intertwined with the present case.
 
 [1]
 

 During deliberations, the jury asked to view the video of the alleged sale of cocaine. After further deliberations, the jury asked the court to define “an abiding conviction of guilt.” At this point, the trial court asked the prosecutor and the defense counsel for their input. The parties agreed that the trial court would reread the standard jury instruction and add the words “in other words” so that the jury instruction would read as follows:
 

 On the other hand, if after carefully considering, comparing, and weighing all of the evidence, there is not an abiding conviction of guilt, or in other words, having a conviction it is one which is not stable, but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because that doubt is reasonable.
 

 After reading what was previously approved by the parties, the trial court then asked the jury if what was just read helped, and the jury indicated that it did not. The trial court then inquired who the foreperson was and asked if defining “abiding” would help. A juror responded that “it might be a good start.” The trial court defined abiding, over the state’s objection, as “the same as a lasting conviction.” The juror then said the definition did “not entirely” help and asked for a “short synopsis of possible doubt and reasonable doubt, the difference between a possible doubt and a reasonable doubt.” The trial court then stated:
 

 Alright. It’s not that I can’t. And I probably will. It’s that I have to be very careful that I don’t overstep my role of defining things and ... explaining things as a — -as a judge when I’m not the fact finder, you all are. So I’ve got to be careful with this. And um — I’m going to define it the best that I can at my own peril. Um, but I’m going to use, so that I’m not taking too much of a peril, I’m going to use extremes.
 

 If someone were accused of driving under the influence, we all know DUI generally, so driving under the influ
 
 *501
 
 ence, and um the — the defendant’s defense, the doubt he was trying to raise was that I wasn’t driving, an alien had flown down and landed in the driver’s seat and was driving the car. That would be an impossible doubt, most of us would agree.
 

 A — the second possible, more — more probable but still only possible example would be that um I wasn’t driving, but somebody else was. And but there was, when the officer pulled somebody over, um there didn’t appear to be anybody around. Matter of fact, no one was around. Therefore it’s a — it’s possible that somebody else was driving, but it— it may, and this would be for your determination depending on the facts and circumstances of the case, um, it — it—it—it may be reasonable that that’s a defense. You have to make the decision.
 

 In other words, if — if it’s only a possible doubt, then you shouldn’t be influenced by that as long as you believe that the elements have been met beyond a reasonable doubt.
 

 Only doubts in your mind regarding the — if they are based upon reason, if they are reasonable to have that doubt because it’s not just a possible doubt because anything is possible, I’m not— I’m having difficulty here.
 

 But — but the point I’m trying to make is the reasonable — that a possible — a reasonable doubt is not a mere possible doubt because if any possible doubt were enough to make a determination of reasonable doubt, then there is a multitude of possibilities in any — any circumstance or case.
 

 The trial court continued further, and after the jury resumed deliberations, the court inquired if there were any objections to the court’s instructions to the jury. At this point, the defense attorney stated, “It’s a little late, isn’t it?” and further stated, “I will lodge an objection to the conversation you had with the jury that we did not discuss beforehand.”
 
 [2]
 
 Subsequently, appellant was convicted of both counts, and this appeal ensues.
 

 Florida Rule of Criminal Procedure 3.410 requires that jury instructions “shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.” Generally, a reviewing court applies the abuse of discretion standard when reviewing a trial court’s response to a jury question.
 
 See Perriman v. State,
 
 731 So.2d 1243, 1246 (Fla.1999). However, the Florida Supreme Court has “established a per se reversible error rule where a trial court responds to a jury’s question without giving counsel notice and ‘the opportunity to participate in the discussion of the action to be taken on the jury’s request.’ ”
 
 Mills v. State,
 
 620 So.2d 1006, 1007 (Fla.1993) (quoting
 
 Ivory v. State,
 
 351 So.2d 26, 28 (Fla.1977)). In adopting a per se reversible error rule, the court recognized that “communication with the jury is ‘so fraught with potential prejudice that it cannot be considered harmless.’ ”
 
 Id.
 
 (quoting
 
 Ivory,
 
 351 So.2d at 28).
 

 We find this case to be significantly similar to
 
 Jenkins v. State,
 
 688 So.2d 422 (Fla. 4th DCA 1997). In
 
 Jenkins,
 

 the trial court was in the process of responding to a jury question raised during deliberations [when] a juror asked a new question, the substance of which went well beyond the initial question. Without consulting counsel, the
 
 *502
 
 court instructed the jury in response to the additional inquiry. Although the court afforded counsel an opportunity to subsequently request an addition to the instruction and to object to the instruction as given, such belated consultation with counsel is insufficient to overcome the taint of the court’s communicating with the jury without affording a party a meaningful opportunity to have input on the court’s framing of the instruction.
 

 Id.
 
 at 422-23. Like in
 
 Jenkins,
 
 the trial court responded to new requests for clarification and questions from the jury without affording defense counsel any “meaningful opportunity to have input.” The trial court subsequently asked if the defense attorney had any objections to the trial court’s statements. As in
 
 Jenkins,
 
 the trial court in the present case committed per se reversible error, and since “such error is per se reversible, we give no consideration to whether it may be harmless error.”
 
 Id.
 
 at 423. Thus, based on
 
 Jenkins,
 
 we reverse and remand.
 

 Reversed and remanded for a new trial.
 

 WARNER and CONNER, JJ., concur.
 

 [1]
 

 . Since we are reversing and remanding, we also note that the admission of the detective’s testimony as to the same clothing worn by appellant at the time of the unrelated arrest was not an abuse of discretion by the trial court.
 
 See Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001) ("The standard of review for admissibility of evidence is abuse of discretion."). Significantly, the jury was not informed that appellant was arrested for an unrelated crime when he was found wearing the same clothing.
 

 [2]
 

 . The state claims that the error is not preserved. We find under these particular circumstances, the claim of error has been preserved for appellate review.
 
 See Brooks v. State,
 
 762 So.2d 879, 892 n. 16 (Fla.2000) (finding a claim preserved where counsel did not immediately object but raised objections shortly after the objected to testimony was offered).