CONNER, J.
Regino Martinez appeals his conviction and sentence imposed for armed burglary of a dwelling with assault or battery and attempted second-degree murder with a deadly weapon. The sole issue on appeal is whether the trial court abused its discretion in allowing a recording of Martinez’s interrogation conducted in Spanish to be played and translated for the jury for the first time after the jury began deliberation. The recording was introduced into evidence but not played or translated during the presentation of evidence. We reverse.

Factual Background

On the morning of the incident, Martinez went to his former girlfriend’s trailer. They had previously been involved in a long-term relationship, but had broken up a few months before the incident. They had four children together. After the breakup, the former girlfriend lived with one of Martinez’s children and several other relatives. Her new boyfriend (the victim) was at the trailer eating breakfast that morning.
According to the victim, Martinez knocked on the front door. The girlfriend, believing Martinez had arrived to pick up their daughter, opened the door and let him in. Martinez initially walked in and went to his daughter. He then put her down and attacked the victim from behind by stabbing him in the head, neck, and arm with a kitchen knife while the victim was seated. The girlfriend and her brother restrained Martinez. Martinez threatened to kill the victim. After the attack, Martinez fled. He was arrested and *547 charged with burglary and attempted first-degree murder.
After Martinez was arrested, he was interviewed by a detective. The interview was conducted in Spanish and recorded on CD. The CD was introduced into evidence without objection. It was not played to the jury during the presentation of evidence. Instead, the detective testified to a summary of the interview. As summarized to the jury, Martinez admitted that he was having a hard time accepting that his éx-girlfriend was having relations with another man. He confessed to the stabbing, admitting that he took a kitchen knife to his former girlfriend’s trailer with the intent to harm the victim and attacked him. Defense counsel cross-examined the detective on his recollection of the interview and on his qualifications to interpret Spanish. He admitted he could not give an exact translation without reviewing the recording.
Martinez testified in his own defense. His account of the incident differed from other witnesses’ testimony in that he claimed the victim first stood up, threw hot chocolate on him, and threatened to kill him.[1] Martinez became upset, took a knife off the kitchen table, and attacked the victim. Martinez claimed that the detective misunderstood him when he said that he brought a knife to the trailer.
At the conclusion of closing arguments, but before the jury was charged, the trial judge asked the prosecutor what the jury was going to do with a recording in Spanish. The prosecutor responded that if the jury wanted to play it, they could be brought to the courtroom and the recording could be played with an interpreter translating. The interpreter stated that she could not guarantee the accuracy of a live translation of a recording. The trial court decided that since the recording was entered into evidence without objection, if the jury requested it, it would be played with an interpreter interpreting. Defense counsel objected but reserved her arguments until the jury actually requested to hear the recording.
The jury ultimately did request a translation of the recording into English. Defense counsel made several arguments in opposition: (1) the jury was required to rely on the evidence as admitted and a translation would be an alteration of the evidence; (2) defense counsel relied on the state’s failure to provide a translation when preparing her defense; (3) the State could not introduce an untranslated recording at trial and then demand the recording be translated during deliberations; and (4) there was no opportunity for cross-examination of the statements on the recording. The trial court overruled these objections, but decided that the interpreter should have the ability to review the recording prior to translating for the jury to aid in her translation. The recording was played for the jury with the interpreter translating.
On the recording, Martinez admitted seeing his former girlfriend with the victim prior to the incident and becoming angry. On the day of the incident, Martinez went to his former girlfriend’s trailer to see his daughter, but she was asleep. The girlfriend gave Martinez a cup of hot chocolate, and he left. Once he was some distance away, Martinez saw the victim arrive at the girlfriend’s trailer. He saw the girlfriend and the victim kiss and became angry, so he went back to the trailer. Martinez entered the trailer and saw the girlfriend and the victim sitting at the kitchen table. Martinez gave the cup back *548 to the girlfriend, took out a knife, and stabbed the victim while he was seated at the kitchen table. Martinez claimed the victim then picked up a knife from the table, stood up, and threatened to kill Martinez. Martinez stabbed him again, which caused the victim to fall. Martinez then fled from the trailer.
The jury returned a verdict of guilty for burglary and the lesser offense of attempted second-degree murder.

Legal Analysis

Martinez argued to the trial court and on appeal that a translation of a recording already admitted into evidence constitutes “new evidence.” He further argued before both courts that the presentation of such “new evidence” after the jury begins deliberation violates Florida Rule of Criminal Procedure 3.430.
Rule 3.430 states: “After the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence.” The only published case that cites and directly applies rule 3.430 is Scott v. State, 664 So.2d 3 (Fla. 3d DCA 1995). In Scott, a videotape of the defendant was shown during trial to prove he was involved in a drug transaction. Id. at 4. During deliberations, the jury requested that they be allowed to view the defendant’s right profile. Over defense counsel’s objection, the request was granted. The Third District held that “[t]he display of the right profile of defendant’s face constitutes non-testimonial ‘real or physical’ evidence which the jury, as expressly found by the trial court, had not seen during the trial.” Id. Therefore, requiring the defendant to display his profile constituted new evidence which was improper to present once the case had been submitted to the jury. Id.
As the trial judge anticipated, what Martinez actually said during the interview became important to the jury. When the recording was played and translated, it largely confirmed the detective’s recollection and interpretive abilities, undermining the strategy employed by defense counsel. Aside from corroborating the detective’s testimony, the translation of the recording was much more harmful to the defense. There was much more detail of the circumstances in the recorded interview than in the summary of the interview given during the detective’s testimony.[2]
We agree that the translation of Martinez’s interview constituted new evidence. The presentation of the translation to the jury for the first time after the jury began deliberations violates Rule 3.430. Because the interview provided many more details of the circumstances and events of the incident than the detective’s summary of the interview, the error was not harmless, and reversal is required.

Reversed and remanded for a new trial.

POLEN and GROSS, JJ., concur.

. The victim denied throwing hot chocolate on Martinez, and none of the other witnesses corroborated Martinez’s testimony that hot chocolate was thrown on him.

. The detective's testimony before the jury, summarizing Martinez’s interview consumes eight pages of trial transcript. The pertinent portions of the interview played and translated for the jury describing the circumstances and details of the incident consume twenty-one pages of trial transcript. We also note the trial transcript of the detective's testimony is typed in the standard question-and-answer format, whereas, the transcript of the recorded interview is typed as if it is one long paragraph. If the translation of the recorded interview had been typed in a standard question-and-answer format, it would have consumed many more pages of trial transcript.