MAY, C.J.
The defendant appeals his judgment and sentence for trafficking in oxycodone and possession of marijuana less than 20 grams. He argues the court erred in denying his motion for judgment of acquittal on the marijuana charge.[1] We agree and reverse on that charge only.
Due to an ongoing investigation, law enforcement was watching a house where the defendant was seen exiting. A couple of weeks before the transaction giving rise to his arrest, an undercover detective met the defendant as he emerged from the house under surveillance. Subsequently, the detective called the defendant’s cell phone and set up a meeting to purchase forty-five oxycodone pills. The detective drove to the house where they first met. The detective called the defendant to let him know she was outside. The defendant exited the house, got into the passenger side of the detective’s car, and exchanged forty-five oxycodone pills for the agreed upon sum of $675.
Another agent watched the transaction from an undercover vehicle. When the transaction concluded, the defendant attempted to leave in his vehicle. Law enforcement took him into custody. When law enforcement searched the defendant, they found the $675 used to purchase the pills along with an additional $430, deejay business cards, a wallet, and a set of keys to the house.
When law enforcement searched the residence pursuant to a warrant, they found a turntable, a blue pill bottle, and a burnt marijuana cigarette in the living room. In one bedroom on a dresser, they found loose marijuana and a picture of the defendant. Only male clothing was found in that bedroom.
The State charged the defendant with trafficking in oxycodone and possession of marijuana less than 20 grams. At trial, the defense moved for judgment of acquittal, arguing there was insufficient evidence linking the defendant to the house and the bedroom where the marijuana'was found. The trial court denied the motion.
The defense called the defendant’s cousin, who testified that she lived at the residence but the defendant did not. The house was owned by the defendant’s sister, and the defendant collected rent. The defendant’s girlfriend testified that the defendant lived with her in another city and had been living there for a year at the time of his arrest.
The jury found the defendant guilty of trafficking in oxycodone in an amount between 4 and 14 grams and possession of marijuana less than 20 grams. The trial court sentenced the defendant to 65.4 months with a three-year mandatory minimum. From his conviction and sentence, the defendant appeals.
The defendant argues the trial court erred in denying his motion for judgment of acquittal on the possession of marijuana charge because there was insufficient evidence to prove he had dominion and control of the house and the marijuana *489 found inside. The State responds that there was sufficient evidence to prove the defendant lived in the house, and that the marijuana was found in his bedroom. We have de novo review. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
“ ‘By the motion [for judgment of acquittal], a defendant admits all facts introduced into evidence and the court must draw every inference favorable to the prosecution.’ ” Corpuz v. State, 733 So.2d 1048, 1049 (Fla. 4th DCA 1999) (quoting Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA 1981)). “Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989).
The defense to the marijuana count was that the defendant did not have dominion and control of the house or the marijuana. Because the defendant was not in actual possession of the marijuana, the State had to prove constructive possession. See Sundin v. State, 27 So.3d 675, 676-77 (Fla. 2d DCA 2009). We agree with the defendant that the State failed in its burden of proof on the marijuana charge.
The State established the defendant emerged from the house on two occasions. The defendant told law enforcement that he stayed at the house sometimes. He possessed a set of keys to the house and business cards that matched other business cards found in the house. His picture was found next to the marijuana in a room where only male clothing was found.
All of these facts are consistent with the defendant’s hypothesis of innocence. They do not rebut the defendant’s hypothesis of innocence: he had keys to, and was seen in, the house because he collected rent from the tenants. See, e.g., Bennett v. State, 46 So.3d 1181, 1184 (Fla. 2d DCA 2010); Mounds v. State, 778 So.2d 514, 515-16 (Fla. 4th DCA 2001). Here, the State offered no evidence that the defendant lived at the house, none of the defendant’s personal items were found in the house, and only a photograph of the defendant linked him to the bedroom.
We therefore reverse the conviction and sentence on the marijuana charge, but affirm the trafficking conviction and sentence.

Affirmed in part; and reversed in part.

TAYLOR and CONNER, JJ., concur.

. The defendant also argues that section 893.13 is unconstitutional. That issue has been resolved adversely to the defendant. See State v. Adkins, 96 So.3d 412, 422 (Fla.2012) (holding that section 893.13 is not facially unconstitutional).