DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COY DAMONE LOCKETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1908

[May 20, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 18CF006028AMB.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Coy Damone Lockett appeals his conviction and sentence for the sale of fentanyl within 1000 feet of a place of worship. He raises three issues for our consideration, but we write to address only one: whether the trial court erred by allowing the jury's request during their deliberations to see Lockett's half-covered face. We agree with Lockett on that issue. Because we reverse and remand for a new trial, the other issues on appeal are moot.

At trial, the State called an agent as a witness. He testified that he worked an undercover "buy and walk" operation and identified Lockett as the person who sold him the drugs. Lockett's interaction with the agent was also covertly recorded as it occurred. The State introduced the surveillance video into evidence in its entirety as well as some still shots from it. In addition to the video, the State also published Lockett to the jury by asking him to stand up and walk in front of them.

During deliberations, the jury asked to see a different view of Lockett than the one presented during trial. For this view, they asked to see Lockett's face from his left profile, and with his hand covering his cheek,

to compare against one of the still shots pulled from the surveillance video. The trial court overruled Lockett's objection, and the jury view was completed with Lockett standing before them in the manner requested. After the jury finished deliberating, it found Lockett guilty as charged. This appeal followed.

"[A] reviewing court applies the abuse of discretion standard when reviewing a trial court's response to a jury question." *Pearson v. State*, 61 So. 3d 499, 501 (Fla. 4th DCA 2011). "A trial court need only answer questions of law, not of fact, when asked by a jury and has wide discretion in deciding whether to have testimony re-read." *Coleman v. State*, 610 So. 2d 1283, 1286 (Fla. 1992). However, "[r]ule 3.430 states: 'After the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence.'" *Martinez v. State*, 127 So. 3d 545, 547 (Fla. 4th DCA 2012) (quoting Fla. R. Crim. P. 3.430). Thus, the presentation of new evidence after the court submits the cause to the jury is improper. *See* Fla. R. Crim. P. 3.430; *Pressley v. State*, 395 So. 2d 1175, 1178 (Fla. 3d DCA), *rev. denied*, 407 So. 2d 1105 (Fla. 1981).

This case raises the question of whether the trial court erred when it allowed the jury, during its deliberations and over defense counsel's objection, to view "new evidence" in the form of Lockett standing in a different manner than how he was presented to the jury during the trial. We hold that the trial court erred by allowing the jury, at its request, to view Lockett in this manner, and that this view amounted to new physical evidence.

In *Scott v. State*, 664 So. 2d 3, 4 (Fla. 3d DCA 1995), the jury requested, after the close of evidence and during its deliberations, "to view defendant's right profile." Over defense counsel's objection, the trial court granted the jury's request, and the defendant was asked "to display his face from different angles to the jurors." *Id.* On appeal, the Third District reversed. *Id.* It held that the jury's request constituted an "improper" request for "new evidence" because "the jury had not viewed that profile at trial." *Id.* The *Scott* court noted that the trial court had "expressly found" that the jury "had not seen" the right side of the defendant's face at any time during the trial; therefore, it concluded that "[t]he display . . . constitute[d] non-testimonial 'real or physical' evidence" which should not have been introduced during deliberations. *Id.*; *see Macias v. State*, 515 So. 2d 206 (Fla. 1987) (finding the admission of the defendant's physical characteristics constituted real or physical evidence).

Certainly, all jury members likely had the opportunity to view aspects of Lockett's facial profile at various times and at various angles throughout

2

trial: to see him standing, sitting, consulting with counsel, moving his head, and to see different sides of his face. However, the trial court made no finding on the record that this particular profile and body positioning as directed by the court either was or could have been viewed during his trial. *Cf. Washington v. U.S.*, 881 A.2d 575, 581-82 (D.C. Ct. App. 2016) (holding that the jury's request to see the defendant during deliberations was not new evidence because the trial court found the jury "did not request to view any part of [the defendant] which it had not observed at trial"). Therefore, we are unable to make that determination on appeal.

Because an important issue at trial was whether Lockett was the person depicted in the videotaped drug transaction, and the jury requested additional physical evidence to resolve that issue, we hold that the error was harmful. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). For these reasons, we reverse and remand for new trial. *See Martinez*, 127 So. 3d at 547 (finding that a defendant is entitled to a new trial when trial court commits harmful error by introducing new evidence during deliberations).

*Reversed and remanded.*

WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3